UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
SEP 2 8 2004
Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| VS. | § | CV NO. B – 04 - 152 |
| **ONE PIECE OF REAL PROPERTY LOCATED IN CAMERON COUNTY TEXAS** | § | |

### MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE;

Comes now Claimants, Javier Barron and Marianna Barron and file this, their Motion to Dismiss pursuant to FRCP 12 (b)(6) and in support thereof, would show this Honorable Court as follows:

**Motion to Dismiss**

**I. FACTS**

1) Claimants Javier Barron and Marianna Barron move to dismiss the Complaint of the United States pursuant to FRCP 12(b) (6) for the following reasons:

   a) The complaint establishes that most, if not all of the claims of The United States are barred by the statute of limitations; 19 USC §1621.

   b) The claimant has failed to state adequate facts which support a claim for forfeiture within the statute of limitations.

**II. Argument and Authorities**

1) The Statute of limitations for civil forfeiture actions as set forth in 19 USC § 1621 is normally five years from the date the United States learns of the grounds for forfeiture.

"No suit or action to recover any duty under section 1592(d), 1593 a (d) of this title, or any pecuniary penalty or forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is **commenced within five years after the time when the alleged offense was discovered,** or in the case of forfeiture, within 2 years after the time when the involvement of the property in the alleged offense was discovered, whichever was later..."

2) The complaint of the United States Government was filed on August 30th, 2004. Therefore, under 19 USC § 1621, the five year statute of limitations has expired on all claims which arose before August 30th, 1999. Virtually every claim brought by the United States in this complaint is barred by this statute of limitations. Dismissal of the time barred claims which have been brought by the United States is therefore proper pursuant to FRCP 12 (b) (6).

3) The Plaintiffs complaint first alleges that on July 3, 1995 the Brownsville Police executed a warrant at the defendant property and found 818 lbs of marijuana there. (Original Complaint, Supporting Affidavit, P. 4, pp 4.) The United States seeks to forfeit the property pursuant to 21 USC, 881 (a) (6) (7), 981 (a)(1) and 881 (a)(6)(7) based on this incident. There is no question that the United States knew the drugs were found on the property because they were seized there. The statute of limitations for a forfeiture action against the property based on this seizure of drugs expired on July 3, 2000.

4) The United States next alleges in their complaint that the property was purchased with proceeds traceable to drug transactions in their Complaint at page 2, paragraph 4 and seeks forfeiture of the property pursuant to Title 21, USC § 881 (a) (6) and 21 USC 981 (a) (1) (A). There are two purchases of the property referred to in the petition. The Statute of Limitations has expired for claims related to both purchases.

5) The petition of the United States alleges that the property was purchased by Bulmaro Barron in 1990 and title was transferred to Javier Barron and Marina Barron in 1998. The five year statute of limitations would have expired as to Bulmaro Barron's acquisition of the property in 1995. The same statute of limitations expired on Javier Barron and Marina Barron's purchase of the property in August of 2001. 19 USC § 1621.

6) The only factual allegations of the United States which are clearly not time

barred relate to the allegations that marijuana was found on the property in August of 2001.

7) In addition, the United States has not alleged sufficient facts (which occurred within the statute of limitations) to establish probable cause for forfeiture of the property. The only non conclusory allegations of the United States which are clearly not time barred relate to the allegations that marijuana was found on the property in the year 2001. Under CAFRA, where the Government's theory of forfeiture is that the property was used to commit, "facilitate," or was "involved in" the commission of a criminal offense, the Government must establish a "substantial connection" between the property and the offense giving rise to forfeiture. The mere allegation of the presence of 3.6 kilos of marijuana on 28 acres of land, without more, does not adequately set forth facts which support a forfeiture of this property.

8) A complaint for forfeiture must adhere to the pleading requirements set forth in Rule E(2)(a) of the Supplemental Rules of Certain Admiralty and Maritime Claims. These rules impose a more stringent obligation on the Government than the notice pleading requirements of the Federal Rules of Civil Procedure to set forth grounds for forfeiture. *See generally* **United States v. Property Located at 4880 S.E. Dixie Highway,** 838 F.2d 1558 (11th Cir.1988); **United States v. $38,000 in United States Currency,** 816 F.2d 1538 (11th Cir.1987). *See* 21 U.S.C. § 881(b), (d); *United States v. One Parcel of Real Property*, 921 F.2d 370, 373-74 (1st Cir.1990). Specifically Rule E(2)(a) requires a complaint to "state the circumstances from which the claim arises with such"state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." To satisfy this specificity requirement, the complaint "must allege sufficient facts to provide a reasonable belief that the property is subject to forfeiture: in particular, that the Government has probable cause to believe that a substantial connection exists between the property to be forfeited and the exchange of a controlled substance." *$38,000*, 816 F.2d at 1548. These standards are more stringent than the general pleading requirements set forth in the Federal Rules of Civil Procedure, an implicit accommodation to the drastic nature of the civil forfeiture remedy. The particularity-of-pleading requirements in forfeiture cases provide a way of ensuring that the government does not seize and hold, for a substantial period of time, property to which, in reality, it has no legitimate claim.

Wherefore, Javier Barron and Marianna Barron respectfully pray that this Court dismiss the governments claims in all, or in the alternative, in part, for failure to state a claim for which relief may be granted pursuant to FRCP 12 b 6.

Respectfully Submitted,
LAW OFFICE OF MARK E. SOSSI
Three North Park Plaza
Brownsville, Texas 78521
Telephone (956) 554-7877
Facsimile (956) 554-7879

By: _____
Mark E. Sossi
State Bar No. 18855680
USDC No. 10231

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded ( via certified mail, return receipt requested and/or via facsimile ) on the 28 day of Sept, 2004, has been forwarded to:

Allan Hoffman
Assistant U.S. District Attorney
Attorney in Charge
Southern District No. 6042
United States Attorney's Office
1701 W. Buisness 83, Suite 600
McAllen, Texas 78501
Telephone (956) 630-3173
Telefax (956) 618-8016

_____
Mark Sossi