2408

Prepared by the State Bar of Texas for use by lawyers only.
Revised 11/82; 8/84; 10/85; 12/87.
© 1987 by the State Bar of Texas

# REAL ESTATE LIEN NOTE



EXHIBIT A

Date:  Auguat 5, 1991

Maker:  Bulmaro Barron, Marina Barron and Javier Barron

Maker's Mailing Address (including county): 1639 Enesco, San Jose, Santa Clara County, California

Payee:  Jack Van Bebber and wife, Neta Van Bebber

Place for Payment (including county): 401 NW 7th, Lindsay, Garvin County, Oklahoma

Principal Amount:  Forty Thousand and No/100 Dollars ($40,000.00)

Annual Interest Rate on Unpaid Principal from Date:  Ten Percent (10%)

Annual Interest Rate on Matured, Unpaid Amounts:  Ten Percent (10%)

Terms of Payment (principal and interest):

Principal and interest payments are payable in monthly installments of Four Hundred Twenty-Nine and 84/100 Dollars ($429.84) or more each, on or before the 5th of every month, beginning September 5, 1991 and continuing regularly until the principal and interest have been paid. Interest will be calculated on the unpaid principal to the date of each payment. Payments will be credited first to the accrued interest and then to reduction of principal.

Security for Payment:  A vendor's lien expressly retained in Deed of even date herewith, executed by Jack Van Bebber and wife, Neta Van Bebber to the Maker hereof upon the hereinafter described real property and is additionally secured by a Deed of Trust to John Robert King, Trustee, to-wit:

Lot 5, Block 205, containing 23.29 acres, more or less, El Jardin Resubdivision, Espiritu Santo Grant in Cameron County, Texas, according to the Map of said Subdivision, recorded in Volume 4, Page 48 Map Records of Cameron County, Texas.

Maker promises to pay to the order of Payee at the place for payment and according to the terms of payment the principal amount plus interest at the rates stated above. All unpaid amounts shall be due by the final scheduled payment date.

If Maker defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to it, and the default continues after Payee gives Maker notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Payee may declare the unpaid principal balance and earned interest on this note immediately due. Maker and each surety, endorser, and guarantor waive all demands for payment, presentations for payment, notices of intention to accelerate maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

If this note or any instrument securing or collateral to it is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Maker shall pay Payee all costs of collection and enforcement, including reasonable attorney's fees and court costs, in

25938

2402

Prepared by the State Bar of Texas for use by lawyers only.
Revised 10/85; 12/87.
© 1987 by the State Bar of Texas

vol 1663 page 5



# DEED OF TRUST

OFFICIAL RECORDS

Date: August 5, 1991

Grantor: Bulmaro Barron, Marina Barron and Javier Barron

Grantor's Mailing Address (including county): 1639 Enesco, San Jose, Santa Clara County, California

Trustee: John Robert King

Trustee's Mailing Address (including county): 1906 E. Harrison, Harlingen, Cameron County, Texas

Beneficiary: Jack Van Bebber and wife, Neta Van Bebber

Beneficiary's Mailing Address (including county): 401 NW 7th, Lindsay, Garvin County, Oklahoma

Note(s)

Date: August 5, 1991

Amount: Forty Thousand and No/100 Dollars ($40,000.00)

Maker: Bulmaro Barron, Marina Barron and Javier Barron

Payee: Jack Van Bebber and wife, Neta Van Bebber

Final Maturity Date:

Terms of Payment (optional):

In monthly installments as therein provided.



Property (including any improvements):

Lot 5, Block 205, containing 23.29 acres, more or less, El Jardin Resubdivision, Espiritu Santo Grant in Cameron County, Texas, according to the Map of said Subdivision, recorded in Volume 4, page 48 Map Records of Cameron County, Texas.

Other Exceptions to Conveyance Warranty:

For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all the covenants and pays the note according to its terms, this deed of trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

**Grantor's Obligations**
Grantor agrees to:
1. keep the property in good repair and condition;
2. pay all taxes and assessments on the property when due;
3. preserve the lien's priority as it is established in this deed of trust;
4. maintain, in a form acceptable to Beneficiary, an insurance policy that:
    a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing;
    b. contains an 80% coinsurance clause;
    c. provides fire and extended coverage, including windstorm coverage;
    d. protects Beneficiary with a standard mortgage clause;
    e. provides flood insurance at any time the property is in a flood hazard area; and
    f. contains such other coverage as Beneficiary may reasonably require;
5. comply at all times with the requirements of the 80% coinsurance clause;
6. deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten days before expiration;
7. keep any buildings occupied as required by the insurance policy; and
8. if this is not a first lien, pay all prior lien notes that Grantor is personally liable to pay and abide by all prior lien instruments.

**Beneficiary's Rights**
1. Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.
2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.
3. Beneficiary may apply any proceeds received under the insurance policy either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.
4. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this deed of trust.
5. If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, and the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Beneficiary may:
    a. declare the unpaid principal balance and earned interest on the note immediately due;
    b. request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and
    c. purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

**General Provisions**

1. If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.
2. Recitals in any Trustee's deed conveying the property will be presumed to be true.
3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.
4. This lien shall remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.
5. If any portion of the note cannot be lawfully secured by this deed of trust, payments shall be applied first to discharge that portion.
6. Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.
7. Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not in default under the note or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the note and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the note and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the note or performance of this deed of trust, Beneficiary may terminate Grantor's license to collect and then as Grantor's agent may rent the property if it is vacant and collect all rent and other income and receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the note and this deed of trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.
8. Interest on the debt secured by this deed of trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.
9. When the context requires, singular nouns and pronouns include the plural.
10. The term *note* includes all sums secured by this deed of trust.
11. This deed of trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.
12. If Grantor and Maker are not the same person, the term *Grantor* shall include Maker.
13. Grantor represents that this deed of trust and the note are given for the following purposes:

```
The debt evidenced by the note is in part payment of the purchase price of the property;
the debt is secured both by this Deed of Trust and by a vendor's lien on the property,
which is expressly retained in a Deed to Grantor(s) of even date.  This Deed of Trust
does not waive the vendor's lien, and the two liens and the rights created by this
instrument shall be cumulative.  Beneficiary may elect to foreclose under either of
the liens without waiving the other or may foreclose under both.  The Deed is incorporated
into this Deed of Trust.
```


VOL 1663 PAGE 8

_(signature)_ BULMARO BARRON

_(signature)_ MARINA BARRON

_(signature)_ JAVIER BARRON

*************************************************************************

(ACKNOWLEDGMENT)

STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

On August 13, 1991 before me, AURORA D. MARTINEZ, personally appeared JAVIER BARRON and MARINA BARRON -------------------------------------------------------------------------------------- proved to me on the basis of satisfactory evidence to be the person(s) whose name (s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and Official Seal.   (SEAL)

Signature _(signature)_

OFFICIAL SEAL
AURORA D. MARTINEZ
NOTARY PUBLIC - CALIFORNIA
SANTA CLARA COUNTY
My Commission Expires June 30, 1992

*************************************************************************

(ACKNOWLEDGMENT)

STATE OF TEXAS
COUNTY OF CAMERON

This instrument was acknowledged before me on the 15th day of August, 19 91, by BULMARO BARRON

~~of~~
~~a~~    ~~corporation, on behalf of said corporation.~~

_(signature)_ Mirtha Tabares
Notary Public, State of Texas
Notary's name (printed):

Notary's commission expires:

MIRTHA TABARES
Notary Public, State of Texas
My Comm. Exp. 10/9/94

$9.00
AFTER RECORDING RETURN TO:

MR. & MRS. JACK VAN BEBBER
13 Pizarro
Rancho Viejo Texas 78520

PREPARED IN THE LAW OFFICE OF:

JOHN ROBERT KING

GF#91-718-B

FILED FOR RECORD