United States District Court
Southern District of Texas
FILED

JAN 1 8 2005

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. B-04-152 |
| | * | |
| ONE PIECE OF REAL PROPERTY | * | |
| LOCATED IN CAMERON COUNTY, | * | |
| TEXAS, Defendant. | * | |

**PLAINTIFF'S RESPONSE TO
BARRON CLAIMANTS' MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, Plaintiff in the above entitled and numbered cause, by and through its United States Attorney for the Southern District of Texas and its Assistant United States Attorney assigned to this matter, and, in response to the Motion to Dismiss filed by Claimants Javaier Barron and Marinanna Barron, sometimes hereinafter referred to as "Claimants," and would respectfully show the Court the following:

I.

Claimants move to dismiss Plaintiff's Complaint asserting that it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Claimants assert two grounds in support of their motion. In the first ground, Claimants assert "most, if not all of the claims of The [sic] United States are barred by the statute of limitations." This assertion presents no basis on which to grant Claimants motion. If some, but not all, of Plaintiff's Claims are time barred, there is no basis for dismissing Plaintiff's Complaint.

In their second ground, Claimants assert: "The claimant [sic] has failed to state adequate facts which support a claim for

forfeiture within the statute of limitations." This assertion has no merit.

II.

When considering a 12(b)(6) motion, the trial court must take the factual allegations of the Complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. <u>Fernandez-Montes v. Allied Pilots Association</u>, 987 F.2d 278, 284 (5th Cir. 1993). The Fifth Circuit has recently spoken to the pleading requirements in a civil forfeiture action in <u>United States v. $49,000.00</u>, 330 F.3d 371, 375 n. 8 (5th Cir. 2003) citing with approval <u>United States v. Mondragon</u>, 313 F.3d 862, 865 (4th Cir. 2002) which held that Rule E(2)(a) requires only that the Government "allege sufficient facts to support a reasonable belief that the property is subject to forfeiture." <u>Id</u>.

Plaintiff's Complaint clearly meets this standard. Taking the factual allegations of the Complaint as true, one finds the following:

1. Persons who engage in large scale drug trafficking tend not to have any lawful employment both because their drug trafficking activities require their full attention and because of the relatively small sums of money they can make from lawful employment compared to the money they make from drug trafficking. Businesses owned by persons who engage in drug trafficking tend to be used as centers for explaining wealth made from drug trafficking and not as centers to generate a lawful income. This is because individuals who engage in drug trafficking tend to not have the expertise needed to manage a business in such a

fashion as to generate lawful income and/or tend not to be willing to expend the effort which is needed to generate a lawful profit from a legitimate business.

2. Persons engaged in large scale drug trafficking often use their properties, including homes, businesses, and ranch land, as places in which to conduct their drug trafficking activities. This is because, as places which under their control, persons not involved in their illegal activities - most especially members of law enforcement - can be kept away and their illegal activities can be conducted in greater secrecy and security in those places.

3. On July 3, 1995, the Brownsville Police Department executed a search warrant at the Defendant Property. Discovered and seized there was 818 pounds of marijuana concealed in electric transformers.

4. On August 28, 2001, the Customs Office of Enforcement, Brownsville, Texas, received information from a confidential source the Defendant Property was being utilized to store large quantities of smuggled narcotics. Agents conducted surveillance on the ranch, identified several vehicles, and then obtained and executed a search warrant on the Defendant Property. During the execution of the search warrant, approximately 3.62 kilograms of marijuana was seized and Bulmaro Barron was arrested.

5. On September 19, 2001, Mario Barron (the son of Bulmaro Barron) granted Customs Agents consent to search the ranch located at the Defendant. During this search Special Agent Victor Hugas and Raul Garcia discovered a

3

large fiberglass tank that had been buried under the ground. Mario Barron told the agents that the tank had been placed in the ground by his father, Bulmaro Barron, to store narcotics.

### III.

Title 21 United States Code, § 881(a)(7), charged in Plaintiff's Complaint, provides for the forfeiture of real property that is used or intended to be used in any manner or part to commit or to facilitate the commission of a drug trafficking crime. 21 U.S.C. § 881(a)(7). The storage of 818 pounds of marijuana, the storage of 3.62 kilograms of marijuana, and presence of a specialized narcotics storage facility on the Defendant Property are all uses or intended uses of the Defendant Property to facilitate drug trafficking crimes.[1] The Complaint clearly alleges sufficient facts to support a reasonable belief that the property is subject to forfeiture. See United States v. $49,000.00, 330 F.3d 371, 375 n. 8 (5th Cir. 2003) citing with approval United States v. Mondragon, 313 F.3d 862, 865 (4th Cir. 2002)

### IV.

To assert that an action is barred by the statute of limitations is an affirmative defense for which the movant has the burden of proof. United States v. Real Property, 120 F.3d 947, 949 (9th Cir. 1997). Statutes of limitation sought to be applied to bar rights of the government are to receive a strict construction

---

[1] A marijuana cigarette typically contains about .5 grams of marijuana. As such, 3.62 kilograms of marijuana is sufficient to make over 7,000 marijuana cigarettes. Smoking three marijuana cigarettes per day, every day, it would take over six years to consume this quantity of marijuana. As such, it is clear that 3.62 kilograms of marijuana is intended for sale, not for personal use.

4

in favor of the government. <u>E. I. Du Pont De Nemours & Co. V. Davis</u>, 264 U. S. 456, 462, 44 S. Ct. 364, 366 (1924).

The applicable statute of limitations states: "No suit or action to recover any duty under section 1592)d), 1593a(d) of this title, or any pecuniary penalty or forfeiture of property accruing under the customs laws shall be instituted unless such action is commenced within five years after the time when the alleged offence **was discovered**, or, in the case of forfeiture, within 2 years after the time when the involvement of the property in the alleged offense **was discovered, whichever is later**." (emphasis added).

As such, actions to forfeit property are timely if brought either within five years of when the alleged offense was discovered or within two years from the time the involvement of the property in the offense was discovered.

A crime cannot be "discovered" within the meaning of the statutes of limitations until federal agents become involved in the investigation. <u>United States v. Real Property</u>, 120 F.3d 947, 949 (9th Cir. 1997).

V.

Incidents set out in the Complaint which render the Defendant Property subject to forfeiture include the following:

- 07/03/95 - 818 pounds of marijuana was seized from the Defendant Property by Brownsville police.
- 08/28/01 - 3.62 kilograms of marijuana was seized from the Defendant Property by U. S. Customs.
- 09/19/01 - A large fiberglass tank used to store narcotics was found on Defendant Property by U. S. Customs.

VI.

To be successful their motion to dismiss, Claimants have the

5

burden of proving that the Complaint was filed more than five years from when each of alleged offenses were *discovered,* **and** more than two years after the involvement of the property in each of the alleged offenses was *discovered*. This Claimants have utterly failed to do.

The seizure of 818 pounds of marijuana on the Defendant Property was an action by Brownsville police. Claimants present no evidence whatsoever concerning when this offense was discovered by federal agents. As such, they have not met their burden to prove that Plaintiff's Complaint was filed more than five years after that alleged offense was discovered and more than two years after the involvement of the property in that offense was discovered.

The Complaint charges that 3.62 kilograms of marijuana was seized from the Defendant Property by U. S. Customs on August 28, 2001. The Complaint was manifestly filed within five years of the discovery of this offense. As such, Claimants have not met their burden to prove that Plaintiff's Complaint was filed more than five years from that alleged offenses was discovered and more than two years after the involvement of the property in that offense was discovered. To the contrary, the record establishes that this basis of forfeiture is not time barred.

The Complaint charges that a large fiberglass tank used to store narcotics was found on Defendant Property by U. S. Customs on September 19, 2001. The Complaint was manifestly filed within two years of the discovery of this involvement of the Defendant Property in drug trafficking. As such, Claimants have not met their burden to prove that Plaintiff's Complaint was filed more than five years from when that alleged offense was discovered and more than two years after the involvement of the property in that

6

offense was discovered. To the contrary, the record establishes that this basis of forfeiture is not time barred.

THEREFORE, because the Complaint alleges sufficient facts to support a reasonable belief that the property is subject to forfeiture, and because Claimants have failed to meet their burden of proving that Plaintiff's action is time barred, Plaintiff respectfully prays that Claimants Motion to Dismiss be in all things DENIED.

                                      Respectfully submitted,

                                      MICHAEL T. SHELBY
                                      UNITED STATES ATTORNEY

_/s/ Allan Hoffman by Maria Teana Llanos-Salinas with permission_
Allan Hoffmann
Assistant U. S. Attorney
Attorney-in-Charge
Texas Bar No. 09778700
Southern District No. 6042
United States Attorney's Office
1701 W. Business 83, Suite 600
McAllen, Texas 78501
(956) 630-3173

7

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing instrument was telefaxed and mailed via certified mail, return receipt requested to:

Mr. Mark E. Sossi            Mr. Kent M. Rider
Attorney at Law              Attorney at Law
Three North Park Plaza       P. O. Box 17428
Brownsville, TX 78521        Austin, TX 78760

Mr. Arthur "Gene" McCullogh
Attorney at Law
P. O. Box 2244
Harlingen, TX 78551-2244

on this the 18th day of January, 2005.

_Allan Hoffmann by Maria Elena Flamor-Dalmar with permission_
Allan Hoffmann
Assistant U.S. Attorney