United States District Court
Southern District of Texas
FILED

FEB 1 1 2005

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. CV B-04-152 |
| | * | |
| ONE PIECE OF REAL PROPERTY | * | |
| LOCATED IN CAMERON COUNTY, | * | |
| TEXAS, | * | |
| Defendant. | * | |

## JOINT REPORT OF MEETING AND DISCOVERY/CASE MANAGEMENT PLAN

COME NOW the United States of America, by and through its United States Attorney and Assistant United States Attorney assigned to this matter, Cameron County and other taxing entities, hereinafter referred to as "Claimant Taxing Entities," by and through its attorney, Kent M. Rider, Javier Barron and Marianna Barron, hereinafter referred to as "the Barron Claimants," by and through their attorney, Mark E. Sossi, and Neta Van Bebber, by and through her attorney, Arthur "Gene" McCullogh. Pursuant to the Court's Order, Plaintiff and Claimants file this Report of Meeting and Discovery/Case Management Plan.

1. State where and when the meeting of the parties by Rule 26(f) was held, and identify the counsel who attended for each party.

ANSWER: The meeting of parties is scheduled to occur on the day of the Initial Scheduling Conference. Scheduled to attend are Allan Hoffmann, counsel for Plaintiff, Kent M. Rider, counsel Cameron County and other taxing entities, for Mark E. Sossi, counsel for the Barron Claimants, and Arthur "Gene" McCullogh, counsel for Neta Van Bebber.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

ANSWER: None

3. Briefly describe what this case is about.

ANSWER: Plaintiff would respectfully show the Court that the Defendant Property is proceeds traceable to the exchange of an illegal controlled substance and is subject to forfeiture to the United States of America by Title 21, United States Code, § 881(a)(6), was purchased to conceal the nature or the ownership of proceeds of the exchange of an illegal controlled substance and is subject to forfeiture to the United States of America under Title 18, United States Code, § 981(a)(1)(A), and/or was used and/or intended to be used to facilitate a drug trafficking offense or offenses and is subject to forfeiture under Title 21, United States Code, §§ 881(a)(6),(7).

Claimant Taxing Entities would respectfully show the Court that they are owed ad vallorem taxes assessed on the Defendant Property for 2003 and 2004 which are secured by statutory liens. Their interests in the property are not subject to forfeitue bsed on 21 U.S.C. §§ 853(n) and 881(a)(7).

The Barron Claimants would respectfully show the Court that Javier and Marina Barron are innocent owners of the property who have never been convicted of or indicted for any criminal activities. The claimants have also alleged defenses and affirmative defenses including violation of the statute of limitations. Some of these defenses have been raised in their motion to dismiss which is pending.

Claimant Neta Van Bebber would respectfully show the Court the she is an innocent lienholder, is a secured party, and her interest in the Defendant Propety is not subject to forfeiture.

4. Specify the allegation of federal jurisdiction.

ANSWER: Plaintiff's basis for jurisdiction is Title 28 United States Code, §§ 1345 and 1355.

5. Name the parties who disagree and the reasons.

ANSWER: None.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

ANSWER: None.

7. List anticipated interventions.

ANSWER: None.

8. Describe class-action issues.

ANSWER: None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

ANSWER: The parties will make Rule 26(a) disclosures at the Rule 26(f) meeting of the parties.

10. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   ANSWER: No discovery requests have been propounded by either side to date. The parties believe a standard Scheduling Order is sufficient to address the discovery and scheduling needs of the this case.

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   ANSWER: Plaintiff will send Interrogatories to the Barron Claimants by February 28, 2005.

   C. When and to whom the defendant anticipates it may send interrogatories.

   ANSWER: Claimant Taxing Entities do not anticipate sending Interrogatories.

   The Barron Claimants will send Interrogatories to Plaintiff within thirty days.

   Claimant Neta Van Bebber does not anticipate sending Interrogatories.

3

D. Of whom and by when the plaintiff anticipates taking oral depositions.

ANSWER: Plaintiff will take the deposition of the Barron Claimants after Plaintiff receives answers to its Interrogatories, Requests for Admission, and Requests for Production of Documents. Plaintiff may take other depositions as discovery shows the testimony of other persons to be relevant.

E. Of whom and by when the defendant anticipates taking oral depositions.

ANSWER: Claimant Taxing Entities do not anticipate taking depositions.

    The Barron Claimants will take the deposition of of affiant to Plaintiff's Complaint, Dennis Sherman, and any other persons whom discovery reveals to be pertinent to Claimants' case within four months. The Barron Claimants would respectfully show the Court that they live in California which will make the taking depositions somewhat more difficult in this case.

    Claimant Neta Van Bebber does not anticipate taking depositions.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

ANSWER: No expert testimony is anticipated at this time.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

4

      ANSWER:   No expert depositions are anticipated at this time.

      H.   List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

      ANSWER:   No expert depositions are anticipated at this time.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

ANSWER:   The parties are in agreement on the discovery plan.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

ANSWER:   None.

13. State the date the planned discovery can reasonably be completed.

ANSWER: April 31, 2005.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

ANSWER:   Plaintiff and Claimant will discuss settlement at the Rule 26(f) meeting.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

ANSWER:   Plaintiff and Claimant have agreed to discuss settlement to expedite the resolution of this case.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably

5

suitable, and state when such a technique may be effectively used in this case.

ANSWER: The parties do not find Alternative Dispute Resolution suitable in this case.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

ANSWER: The parties wish to keep this case in District Court.

18. State whether a jury demand has been made and if it was made on time.

ANSWER: Yes. Yes.

19. Specify the number of hours it will take to present the evidence in this case.

ANSWER: The parties anticipate that the trial of this case will require approximately 32 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

ANSWER: The Barron Claimants Motion to Dismiss.

21. List other motions pending.

ANSWER: None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

ANSWER: None

23. Certify that all parities filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of the filing for original and any amendments.

ANSWER: Plaintiff certifies it filed filed a Disclosure of Interested Parties on September 3, 2004.

Claimant Taxing Entities certifies they filed a Disclosure of Interested Parties on September 27, 2004.

The Barron Claimants certify they will file a Disclosure of Interested Parties on the day of the Initial Scheduling Conference.

Claimant Neta Van Bebber certifes she will have a Disclosure of Interested Parties on file before the Initial Scheduling Conference.

24. List the names, bar numbers, addresses, and telephone number of all counsel.

ANSWER:  Allan Hoffmann
Assistant United States Attorney
1701 West Highway 83, Suite 600
McAllen, Texas 78501
Telephone: (956)630-3173 ex 236
Texas Bar No. 09778700
Southern District Bar No. 6042

Attorney for the Plaintiff

Kent M. Rider
Attorney at Law
P. O. Box 17428
Austin, TX 78760
Texas Bar No. 16896000
Southern District Bar No. 13883
Voice: (512)447-6675
Fax:   (512)443-3494

Attorney for Claimant
Cameron County and other
Taxing Entities

Mark E. Sossi
Attorney at Law
Three North Park Plaza
Brownsville, TX 78521
Texas Bar No. 18855680

7

```
                Southern District Bar No. 10231
                Voice: (956)554-7877
                Fax:   (956)554-7879

                Attorney for Claimants
                Javier Barron and
                Marianna Barron

                Arthur "Gene" McCullogh
                Attorney at Law
                P. O. Box 2244
                Harlingen, TX 78551-2244
                Texas Bar No. 00734267
                Southern District Bar No. 19292
                Voice: (956)423-1234
                Fax:   (956)423-4976

                Attorney for Claimant
                Neta Van Bebber
```

                              Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

*/s/ Allan Hoffmann*                                    02/11/05
Allan Hoffmann                                          Date
Assistant U. S. Attorney
Attorney in Charge
1701 West Highway 83, Suite 600
McAllen, Texas 78501
Texas Bar No. 09778700
Southern District Bar No. 6042


CAMERON COUNTY ET AL.

*/s/ Kent M. Rider* [1]                                 02/11/05
Kent M. Rider                                           Date
Attorney in Charge
P. O. Box 17428
Austin, TX 78760
Texas Bar No. 16896000
Southern District Bar No. 13883

Counsel for Claimant
Cameron County and others

---

[1] By Allan Hoffmann with permission.  See Attachment 1.

8

JAVIER BARRON
MARIANNA BARRON

*Mark E. Sossi* [2]

Mark E. Sossi
Attorney in Charge
Three North Park Plaza
Brownsville, TX 78521
Texas Bar No. 18855680
Southern District Bar No. 10231

Counsel for Claimants
Javier Barron and
Marianna Barron

02/11/05
Date

NETA VAN BEBBER

*Arthur "Gene" McCullogh* [3]

Arthur "Gene" McCullogh
Attorney in Charge
P. O. Box 2244
Harlingen, TX 78551-2244
Texas Bar No. 00734267
Southern District Bar No. 19292

Counsel for Claimant
Neta Van Bebber

02/11/05
Date

---

[2] By Allan Hoffmann with permission.  See Attachment 2.

[3] By Allan Hoffmann with permission.  See Attachment 3.

Southern District Bar No. 10231
Voice: (956)554-7877
Fax:   (956)554-7879

Attorney for Claimants
Javier Barron and
Marianna Barron

Arthur "Gene" McCullogh
Attorney at Law
P. O. Box 2244
Harlingen, TX 78551-2244
Texas Bar No. 00734267
Southern District Bar No. 19292
Voice: (956)423-1234
Fax:   (956)423-4976

Attorney for Claimant
Neta Van Bebber

                    Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY


_____            _____
Allan Hoffmann                        Date
Assistant U. S. Attorney

Counsel for Plaintiff



CAMERON COUNTY ET AL.

_/s/ Kent M. Rider_____           _February 11, 2005_____
Kent M. Rider                         Date
Attorney at Law

Counsel for Claimant
Cameron County and others



Attachment 1

8

JAVIER BARRON
MARIANNA BARRON

_____          _2-11-05_____
Mark E. Sossi                                  Date
Attorney at Law

Counsel for Claimants
Javier Barron and
Marianna Barron

NETA VAN BEBBER

_____          _____
Arthur "Gene" McCullogh                        Date
Attorney at Law

Counsel for Claimant
Neta Van Bebber

9

Attachment 2

JAVIER BARRON
MARIANNA BARRON

_____     _____
Mark E. Sossi                 Date
Attorney at Law

Counsel for Claimants
Javier Barron and
Marianna Barron

NETA VAN BEBBER

_/s/ Arthur "Gene" McCullogh_    _2/11/05_
Arthur "Gene" McCullogh          Date
Attorney at Law

Counsel for Claimant
Neta Van Bebber

Attachment 3

9