United States District Court
Southern District of Texas
ENTERED

FEB 1 6 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ONE PIECE OF REAL PROPERTY<br>LOCATED IN CAMERON COUNTY,<br>TEXAS,<br>Defendant. | §<br>§<br>§<br>§  CIVIL ACTION NO. B-04-152<br>§<br>§<br>§<br>§ |

ORDER

BE IT REMEMBERED, that on February 14, 2005, the Court considered Claimants Javier Barron and Marianna Barron's Motion to Dismiss [Dkt. No. 8].

## I. Procedural Background

On August 30, 2004, the United States ("U.S." or "government") commenced this civil forfeiture action. According to the United States, the defendant property with an approximate valued of $83,000.00 is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it was derived from the proceeds of an illegal controlled substance exchange –that is, a drug trafficking offense. The government alleges the defendant property was purchased to conceal the nature or ownership of the illegal proceeds. See 18 U. S. C. § 981(a)(1)(A). Finally, the government alleges the property was used or intended to be used to facilitate a drug trafficking offense, which makes the property subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(6) & (7).

The U.S. attaches to its complaint the affidavit of a Senior Special Agent with the Department of Homeland Security, Bureau of Immigration and Customs Enforcement. This affidavit outlines with greater particularity the circumstances surrounding the forfeiture claim. Most relevant to the claim and pending motion to dismiss are the following allegations:

> On July 3, 1995, the Brownsville Police Department executed a search warrant at the Defendant property. Discovered and seized there was 818 pounds of marijuana concealed in electric transformers.

1

> On August 28, 2001, the Customs Office of Enforcement, Brownsville, Texas, received information from a confidential source that the Defendant Property was being utilized to store large quantities of smuggled narcotics. Agents surveilled the ranch, identified several vehicles, and then obtained and executed a search warrant on the Defendant property. During the execution of the search warrant, approximately 3.62 kilograms of marijuana was seized and Bulmaro Barron was arrested. Bulmaro Barron has been arrested and convicted on drug charges on three previous occasions. . .
>
> On September 19, 2001, Mario Barron (the adult son of Bulmaro Barron) granted Customs Agents consent to search the ranch located at the Defendant Property, Brownsville, Texas. During this search Special Agent[s] . . . discovered a large fiberglass tank that had been buried under the ground. Mario Barron told agents that the tank had been placed in the ground by his father, Bulmaro Barron, to store narcotics.

Cmplt. for Forfeiture, at ¶¶ 4-6 [Dkt. No. 1].

Verified claims to the property or for an interest in the property were filed by Brownsville Independent School District, Neta Van Bebber, and Javier and Marianna Barron. Javier and Marianna Barron filed the pending motion to dismiss.

### II. Motion to Dismiss

Claimants Javier and Marianna Barron ("Claimants") file their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Claimants argue that most, if not all of the claims, are barred by the statute of limitations under 19 U.S.C. § 1621. Additionally, they argue that for those claims that may survive, the government has failed to state adequate facts to support its claim for forfeiture.

#### A. Sufficiency of the Complaint

Rule E(2)(a) of the federal Supplemental Rules for Certain Admiralty and Maritime Claims governs the pleading requirements for actions in rem. This rule requires that the complaint "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." The Fifth Circuit has noted "Rule E(2)(a) imposes a substantive pleading requirement, and certainly, under Rule E(2)(a) within the context of civil forfeiture, the Government must do more than simply provide greater detail than it otherwise would be required to do under Rule 8 of the

2

Federal Rules of Civil Procedure." *United States v. $49,000 Currency,* 330 F.3d 371, 376 & n.8 (5th Cir. 2003). As the Fifth Circuit concluded, the government need not "prove the elements of its case at the pleading stage," but it must allege facts that are "sufficient to support a reasonable belief that [the property is subject to forfeiture]." *Id.* (citing *United States v. Mondragon,* 313 F.3d 862, 865 (4th Cir. 2002)). Stated differently, the government must allege facts leading to the reasonable belief that it will be able to bear its burden at trial. *Id.* (citing *Mondragon,* 313 F.3d at 865). Because the government filed this case in 2004, the government's burden of proof at trial has increased from a showing of probable cause to proof by a preponderance of the evidence that the property is subject to forfeiture. *See* Civil Asset Forfeiture Reform Act of 2000 (CAFRA), Pub. L. No. 106-185, 114 Stat. 202, 205 (2000); *see also Mondragon,* 313 F.3d at 865 (explaining that "[i]n light of CAFRA's change in the burden of proof, it is a bit awkward to say now that Rule E(2)(a) requires the complaint to allege facts sufficient to support a reasonable belief that the government can establish probable cause for forfeiture at trial."). The general standard, however, remains the same from pre-CAFRA cases: Rule E(2)(a) requires a complaint to contain alleged facts that are sufficient to support a reasonable belief that the property is subject to forfeiture. *See Mondragon,* 313 F.3d at 865.

Claimants argue that "[t]he only factual allegations of the United States which are clearly not time barred relate to the allegations that marijuana was found on the property in August of 2001." Claimants' Motion, at ¶ 6. The crux of their argument is that the government has not alleged sufficient facts occurring within the statute of limitations to establish "probable cause for forfeiture of the property." *Id.* ¶ 7. Moreover, Claimants' state:

> The only non conclusory allegations of the United States which are clearly not time barred relate to the allegations that marijuana was found on the property in the year 2001. U nder C AFRA, w here t he Government's t heory o f f orfeiture i s t hat t he property was used to commit, "facilitate," or was "involved in" the commission of a criminal offense, the Government must establish a "substantial connection" between the property and the offense giving rise to forfeiture. The mere allegation of the presence of 3.6 [sic] kilos of marijuana on 28 acres of land, without more, does not adequately set forth facts which support a forfeiture of this property.

*Id.*

Claimants conveniently neglect to mention additional portions of the government's complaint that further support the "substantial connection" between the property and the offense giving rise to forfeiture. Namely, a few weeks after federal agents found 3.62 kilograms of marijuana on the property, agents received consent to search the property. While searching, agents discovered a large fiberglass tank that was buried underground. *See* Cmplt. at ¶ 6. Mario Barron, the son of Bulmaro Barron, told the agents the tank was placed in the ground to store narcotics by his father. Bulmaro Barron was recently arrested on August 28, 2001, for his most recent drug offense while on the defendant property. Additionally, agents surveilled the property and had information from a confidential informant that the property was used to store large quantities of smuggled drugs. The discovery of a large underground fiberglass tank and Mario Barron's comments further supported the agents' belief that large quantities of drugs were stored on the defendant property, and thus the property was used to facilitate drug trafficking offenses. The government's burden may be established by both circumstantial and hearsay evidence. *See United States v. $69,530.00 In United States Currency*, 22 F. Supp.2d 587, 591 (W.D. Tex. 1998) (citing *United States v. One 1987 Mercedes 560 SEL*, 919 F.2d 327, 331 (5th Cir. 1990)); *see also, e.g., Mondragon*, 313 F.3d at 866 (although odd packaging of cash was not enough to establish a substantial connection to the property, circumstantial evidence such as money found in a professionally constructed secret compartment in the car, along with other factors, was sufficient to link the car to drug trafficking). Under either the older probable cause burden or the current preponderance of the evidence burden, the government has sufficiently demonstrated a "substantial connection" between the property and the offense giving rise to forfeiture.

### B. Statute of Limitations

It is well settled that the expiration of the statute of limitations is a valid affirmative defense to a forfeiture action brought by the government. The claimant asserting this defense bears the burden of proving the statute of limitations has expired. *See United States v. Real Property, Titled in the Names of Godfrey Soon Bong Kang and Darrell Lee*, 120 F.3d 947 (9th Cir. 1997). The statute of limitations applicable to civil forfeiture actions

is governed by 19 U.S.C. § 1621. That statue requires the government to commence a civil forfeiture action within five years after the discovery of the offense or two years after the discovery of the property's involvement in the offense, whichever is later. 19 U.S.C. § 1621 (2000).

Here, Claimants Javier and Marianna Barron argue the statute of limitations expired on July 3, 2000, five years after the government first alleges the defendant property was involved in illegal drug trafficking. Claimants base their argument on the allegation that on July 3, 1995, the Brownsville Police executed a warrant and found 818 pounds of marijuana on the defendant property. This argument fails for two distinct reasons.

First, the government's complaint explicitly states that Brownsville Police executed the warrant. The complaint in no way indicates the federal government discovered the contraband, offense, or the property's involvement in the offense. "[T]he 'alleged offense' for the purpose of this forfeiture . . . is a violation of federal law. The question, therefore, is whether the federal government was aware of the [federal offense in 1995], as the federal crime could not be 'discovered' until federal agents became involved." *See Real Property*, 120 F.3d at 949 (citations omitted). Claimants point to nothing in the record that would indicate the federal government was aware of the criminal activity in 1995. Nor do Claimants suggest a date on which the federal government became aware of the criminal activity.

The Claimants' argument fails for a second reason. The complaint states that on August 28, 2001, federal law enforcement "received information from a confidential source that the Defendant property was being utilized to store large quantities of smuggled narcotics." Cmplt, at ¶ 5. After surveillance, federal agents got a search warrant and seized approximately 3.62 kilograms of marijuana. At that time, Bulmaro Barron was arrested. Even supposing the federal government knew of the criminal activity in July 1995, the August 2001 occurrence represents the government's initial discovery of a fresh alleged federal offense. This more recent offense with a connection to the defendant property means the five-year statutory period for that particular offense started to run on August 28, 2001, which makes the government's August 20, 2004, complaint for forfeiture timely to the extent it is based upon the alleged August 2001 offense and later violations

of federal drug trafficking laws. Moreover, unlike in some situations, the government's discovery of the "fresh" and most recent drug offense closely coincided in time with its discovery of the defendant property's connection to the drug offense. The five year statue of limitations had not expired when the government filed the present complaint for forfeiture.

Finally, Claimants argue that the government's allegations concerning the property's purchase with proceeds traceable to drug transactions are barred by the statute of limitations because the purchases occurred in 1990 when Bulmaro Barron bought the property, and in 1998 when Bulmaro Barron transferred title to the property to Javier and Marianna Barron. Claimants contend the five year statute of limitation contained in 19 U.S.C. § 1621 expired as to Bulmaro Barron's acquisition in 1995 and as to Javier and Marianna Barron's "purchase of the property in August of 2001." As best the Court can decipher, it seems Claimants connect the statute of limitations date to the title holders' acquisition and purchase of the defendant property. This argument is not supported by the law.

Under pre-CAFRA law, the limitations period was triggered by discovery of the underlying drug offense, not the acquisition of the property connected to the drug proceeds. *See, e.g., United States v. Four Tracts of Prop.*, 1995 WL 704166, at *1, 3 (6th Cir. Nov. 28, 1995); *see also United States v. $116,000*, 721 F. Supp. 701, 703-05 (D.N.J. 1989) (holding limitations period runs from time government becomes aware of defendant's criminal act, not property's connection to the criminal act). Under current law, the limitations period runs either five years from the discovery of the alleged offense, or two years from the government's discovery of the property's connection to the alleged offense, whichever is later. The date on which an individual acquires the property with traceable proceeds is immaterial if the government is not aware of the link between the property and proceeds connected to criminal drug activity. Any concealment periods toll the running of the limitations period. *See* 19 U.S.C. § 1621; *see also United States v. Carrell*, 252 F.3d 1193, 1205 (8th Cir. 2001). Hence, the limitations period commences from the date the government makes this discovery, and not any earlier date when the properties become titled in or transferred to the drug dealer's family members. To hold otherwise would

negate CAFRA's clear intent that the government's discovery of the link is key to the statutory time-frame and not the date the property was titled or transferred.

Bulmaro Barron's drug activity before 1990 or Javier and Marianna's record purchase and ownership of the defendant property in 1998 would not yield the preponderance of evidence the government needs to link the defendant property to Bulmaro Barron's drug crimes for the purpose of civil forfeiture. Stated differently, the government could not meet its burden by the mere fact that it knew the defendant property was titled in the name of a convicted drug offender, or that the property was later transferred to relatives of the drug offender. As pled, it appears the government did not discover the necessary link until August 2001. Although the defendant property would have become forfeitable on the date Bulmaro Barron used drug proceeds to purchase it, section 1621 tolls the running of the limitations period during concealment of this connection. 19 U.S.C. ¶ 1621(2). Indeed, the government has alleged that Bulmaro Barron went to some lengths to conceal the connection of this property to illegal drug proceeds when he allegedly transferred title to Javier and Marianna Barron. Regardless of title ownership of the defendant property, it is clear the government's forfeiture claim falls well within the statutory time period because the government discovered a new, "fresh" drug offense in August 2001.

### III. Conclusion

The government has sufficiently stated a claim for forfeiture of the subject property pursuant to Supplemental Rule E(2)(a). Additionally, Claimants have not sustained their burden of demonstrating the requisite statute of limitations has run on the government's forfeiture claim. The Court therefore **DENIES** Claimants' Motion to Dismiss [Dkt. No. 8].

DONE at Brownsville, Texas, this 14th day of February, 2005.

Hilda G. Tagle
United States District Judge