**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

UNITED STATES OF AMERICA,      *
          Plaintiff,      *
v.      *      CIVIL NO. B-04-152
                *
ONE PIECE OF REAL PROPERTY      *
LOCATED IN CAMERON COUNTY,      *
TEXAS,      Defendant.      *

**PLAINTIFF'S, CLAIMANT TAXING ENTITIES', AND**
**CLAIMANT VAN BEBBER'S CONTRIBUTIONS TO A PRETRIAL ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiff United States of America, sometimes hereinafter referred to as "Plaintiff," by and through its United States Attorney for the Southern District of Texas and its Assistant United States Attorney assigned to this matter, Claimants Brownsville Independent School District, Cameron County, Cameron County Drainage District No. 1, South Texas Independent School District, City of Brownsville, Brownsville Navigation District, and Texas Southmost College District, sometimes hereinafter referred to as "Claimant Taxing Entities," and Claimant Neta Van Bebber, by through their attorneys of record, and file their contribution to a Joint Pretrial Order for trial of the instant case. Claimants Javier Barron and Marianna Barron have provided no input for the Pretrial Report. To show their efforts toward filing a Joint Pretrial Order as Ordered by the Court, Plaintiff, Claimant Taxing Entities, and Claimant Neta Van Bebber, respectfully submit this their contribution to that document.

I.

## APPEARANCE OF COUNSEL

Plaintiff is represented by Chuck Rosenberg, United States Attorney for the Southern District of Texas, and Allan Hoffmann, Assistant United States Attorney, Texas Bar Number 09778700, Southern District Admission Number 6042, 1701 West Business 83, Suite 600, McAllen, Texas 78501, telephone (956)630-3173 ex 236, Fax (945)618-8016.

Javier Barron and Marianna Barron are represented by Mark E. Sossi, Texas Bar Number 18855680, Southern District Admission Number 10231, telephone (956)554-7877, Fax (956)554-7879 Three North Park Plaza, Brownsville, Texas 78521.

Claimant Taxing Entities are represented by Kent Rider, Texas Bar Number 16896000, Southern District Admission Number 13883, telephone (512)447-6675, Fax (512)443-3494, P. O. Box 17428, Austin, Texas 78760.

Claimant Nita Van Bebber is represented by Gene McCullough, Texas Bar Number 00734267, Southern District Admission Number 19292, telephone (956)423-1234, Fax (956)423-4976, 323 E. Jackson, Street, Harlingen, Texas 78551.

II.

## STATEMENT OF THE CASE[1]

The Plaintiff, the party which filed this law suit, is the United States of America.   The Defendant in this case is a tract

---

[1]
Per the local rules, the Statement of the Case is drafted as something which could be read to the jury and, for this reason, it explains matters which are self-evident to counsel and to the Court.

of land located in Cameron County, Texas.  This law suit is what is called an action *in rem* in that the Defendant is property and not a person or a business.

Plaintiff United States asserts that the Defendant Property used to facilitate, that is, to assist, one or more drug trafficking crimes is subject to forfeiture to the United States for that reason.  Plaintiff also asserts that Claimants Javier Barron and Marianna Barron are owners of the Defendant Property in name only and that the true owner of the Defendant Property is their brother Bulmaro Barron.  The United States is represented by Assistant U. S. Attorney Allan Hoffmann.

Several parties have appeared to assert an interest in the Defendant Property and to assert that their interest in the Defendant Property is not subject to forfeiture.

Javier Barron and Marianna Barron have appeared and assert they are innocent of any wrongdoing which took place on the Defendant Property, that are innocent owners of the property, and that they have never been convicted of or indicted for any criminal activity.  They are represented by Mr. Mark Sossi.

Neta Van Bebber has appeared and asserts the she is an innocent lienholder, a secured party, and that her interest in the Defendant Property is not subject to forfeiture.  She is represented in this case by Mr. Gene McCullough.

Cameron County, Texas, Brownsville Independent School District, and other taxing authorities, have appeared and assert that they are owed ad valorem taxes assessed on the Defendant Property for 2003, 2004, and 2005 which are secured by statutory liens, and their interests in the property are not subject to

forfeiture based on 21 U.S.C. §§ 853(n) and 881(a)(7). They are represented in this case by Mr. Kent Rider.

III.

## STATEMENT OF JURISDICTION AND VENUE

Jurisdiction is conferred upon this Court by virtue of Title 28, United States Code, Sections 1345 and 1355 and by the seizure of the Defendant Currency by agents of the United States. Venue is proper under 28 U.S.C. § 1395.

IV.

## MOTIONS

PLAINTIFF'S MOTIONS:

None

BARRON CLAIMANTS' MOTIONS:

None

CLAIMANT TAXING ENTITIES' MOTIONS:

None

CLAIMANT VAN BEBBER'S MOTIONS:

None

V.

## CONTENTIONS OF THE PARTIES

PLAINTIFF'S CONTENTIONS:

Plaintiff contends all of the following. Persons who engage in drug trafficking often use their properties as places in which to conduct their drug trafficking activities. This is because, as places which under their control, they can keep persons not

involved in their illegal activities - most especially members of law enforcement - away and their illegal activities can be conducted in greater secrecy and security in those places.

The Defendant Property,

Lot 5 Block 205 El Jardin Subdivision containing 23.39 acres, more or less, El Jardin Resubdivision, Espiritu Santo Grant in Cameron County, Texas, according to the Map of said Subdivision recorded in Volume 4, page 48, Map Records of Cameron County, Texas,

was used or was intended to be used to facilitate violations of 21 United States Code Sections 881(a), possession with intent to distribute illegal drugs, 846, conspiracy to possess with intent to distribute illegal drugs, 952(a), importation of illegal drugs and/or 963, conspiracy to import illegal drugs, and for this reason is subject to forfeiture by 21 U.S.C. § 881(a)(7).

The Defendant Property was conveyed from Jack Van Bebber and wife Neta Van Bebber to Bulmaro Barron, Marina Barron, and Javier Barron by means of a Warranty Deed With Vendor's Lien filed in the deed records of Cameron County, Texas, on August 15, 1991.

Since then, the Defendant Property has been used to facilitate drug trafficking crimes on at least two occasions. On July 3, 1995, the Brownsville Police Department executed a search warrant at the Defendant Property and found 818 pounds of marijuana there concealed in electric transformers housings. This marijuana was obviously being prepared to be smuggled north concealed inside the electric transformer housings.

On August 28, 2001, the Customs Office of Enforcement, Brownsville, Texas, received information from a confidential source the Defendant Property was being used to store large quantities of narcotics smuggled into the United States from Mexico. Agents

surveilled the ranch, identified several vehicles, and then obtained and executed a search warrant on the Defendant Property. During the execution of the search warrant, approximately 3.62 kilograms of marijuana was seized and Bulmaro Barron was arrested. Their confidential source indicated that the bulk of the marijuana had been shipped out before the officers arrived.

On September 19, 2001, Mario Barron, the son of Bulmaro Barron, granted Customs Agents consent to search the Defendant Property. During this search, Special Agent Victor Hugas and Raul Garcia discovered a large fiberglass tank that had been buried under the ground. Mario Barron told agents that the tank had been placed in the ground by his father, Bulmaro Barron, in order to store narcotics.

Plaintiff would show that Claimants Javier Barron and Marianna Barron are owners of the Defendant Property in name only. Marina Barron and Javier Barron were interviewed and gave sworn affidavits concerning the Defendant Property. Marina Barron stated her brother, Bulmaro Barron, had been the owner of the Defendant Property since approximately 1990. Marina Barron stated that she and her brother Javier Barron did not purchase the property; it was put into their names without any money changing hands. Marina Barron and Javier Barron both stated they never had any interest in the property. Marina Barron stated that Bulmaro Barron and his wife always had total control of the Defendant Property and that they (Marina Barron and Javier Barron) had never even been to the Defendant Property. Marina Barron added that, although she and

6

Javier Barron had the Defendant Property in their names, Josephna and Bulmaro Barron were the ones who actually owned it. Claimant Javier Barron agreed that he had not paid any money toward the Defendant Property, had never had any responsibilities concerning it, and as far as he was concerned, has never had an interest in the property.

CONTENTIONS OF CLAIMANTS JAVIER BARRON AND MARIANNA BARRON:

The Barron Claimants have not provided a statement of their contentions.

CONTENTIONS OF CLAIMANT NETA VAN BEBBER:

Claimant Neta Van Bebber contends all of the following. Claimant Neta Van Bebber contends that she is an innocent lienholder. Her lien pre-dates any of the alleged illegal activities and cannot be extinguished by any forfeiture in this matter. Upon forfeiture, if so ordered, and subsequent sale of the property, she is entitled to her principal, accrued interest, and attorney's fees as provided in the note and deed of trust. If the matter is resolved in favor of the Barrons, claimant Van Bebber is entitled to demand that the note be brought current, all past-due taxes be paid, and attorney's fees be paid.

CONTENTIONS OF CLAIMANT TAXING ENTITIES:

Claimant Taxing Entities contend all of the following. The property which is the subject of this action is identified on the

7

records of the Taxing Entities as Tax Account No. 7475402050005000, and is situated within the boundaries of the taxing entities. The Brownsville Independent School District has levied and valorem taxes on the Defendant property for 2002, 2003, 2004 and 2005 which are due and unpaid. Cameron County and the other entities for which it collects taxes have levied ad valorem taxes on the Defendant property for 2002,2003, 2004 and 2005 which are due and unpaid.

Pursuant to TEX.PROP.TAX CODE §§ 32.01 and 32.05, prior and superior liens exist to secure payment of the 2002 through 2005 ad valorem taxes assessed on the Defendant property, and to secure payment of all penalties and interest which accrue on those taxes which become delinquent.

The amounts of taxes assessed for 2002, 2003, 2004 and 2005, together with statutory interest and penalties if applicable, now owed to the Taxing Entities are as follows if paid in January 2006:

| Tax Year | Cameron County, et al. | Brownsville Ind. Sch. Dist. |
|---|---|---|
| 2002 | $1,593.12 | $1,828.59 |
| 2003 | $1,971.66 | $2,192.67 |
| 2004 | $3,615.78 | $3,972.77 |
| 2005 | $2,535.38 | $2,785.95 |
| Totals | $9,715.94 | $10,779.98 |

All of the above taxes were authorized by law and were legally levied and assessed against the above-described property and the record owner of it. Any offsets and credits existing against the amounts due have been allowed.

VI.

AGREED FACTS

1)    The Defendant Property was deeded from Jack Van Bebber and wife Neta Van Bebber to Bulmaro Barron, Marina Barron, and Javier Barron by means of a Warranty Deed With Vendor's Lien which is filed of record in Volume 1663, Page 1 et seq., of the deed records of Cameron County, Texas, on August 15, 1991.

2)    Attachment 1 is a true and correct copy of the deed which transferred ownership of the Defendant Property to Bulmaro Barron, Marina Barron, and Javier Barron, is relevant to this proceeding, and is admissible into evidence.

3)    Claimant Neta Van Bebber has a perfected lien interest in the Defendant Property based on the Warranty Deed With Vendor's Lien, the Deed of Trust, and the Transfer of Lien which are filed of record in Volume 1663, Page 1 et seq., Volume 1663, Page 5 et seq., and Volume 2421 page 31 et seq. of the deed records of Cameron County, Texas.

4)    Attachment 2, is a true and correct copy of the is Deed of Trust filed of record in Volume 1663, Page 5 et seq., of the deed records of Cameron County, Texas relevant to this proceeding, and is admissible into evidence.

5)    Claimant Neta Van Bebber's lien interest in the Defendant Property is not subject to forfeiture to the United States.

6)    Claimant Taxing Entities have a lien interest in the Defendant Property as security for taxes assessed against the Defendant Property which are due, owing, and unpaid.

7)    Claimant Taxing Entities lien interest in the Defendant Property is not subject to forfeiture to the United States.

8)    Between Claimant Neta Van Bebber and Claimant Taxing Entities, the interest of Claimant Taxing Entities is superior.

9)    The Defendant Property has an approximate value of $83,000.00.

10)    The Defendant Property was surveyed in July of 2005 by Oscar Hernandez, a registered professional land surveyor trained and qualified to survey real properties.

11)    Attachment 3 is a true and correct copy of a survey of the Defendant Property, is relevant to this proceeding, and is admissible into evidence.

VII.

### CONTESTED ISSUES OF FACT

1)    Whether the Defendant Property was used to facilitate one or more drug trafficking crimes.

2)    Whether there was a substantial connection between the Defendant Property and one or more drug trafficking crimes.

3)    Whether Claimants Javier Barron and Marianna Barron are owners of the Defendant Property or are owners in name only.

VIII.

### AGREED PROPOSITIONS OF LAW

1)    Marihuana is a controlled substance under Title 21, of the United States Code.

2)    Title 21, United States Code § 841(a)(1) prohibits the distribution of marihuana and prohibits the possession with intent to distribute marihuana.

3)    Title 21, United States Code § 841(b)(1)(D) provides that distribution or the possession with intent to distribute any

10

quantity of marihuana for money is punishable by imprisonment of up to 5 years.

4)     Title 21, United States Code § 846 criminalizes the conspiracy to possess marihuana with the intent to distribute, and provides for the same penalty for such a conspiracy as for possession with intent to distribute the quantity of marihuana which is the object of the conspiracy.

5)     Title 21, United States Code, § 881(a)(7), provides for the forfeiture to the United States of any real property used or intended to be used in any manner to commit or to facilitate an offense prohibited by Title 21 of the United States Code punishable by imprisonment for more than one year.

6)     The procedures for determining whether or not properties are subject to forfeiture are set out in Title 19 and 21 of the United States Code, and the Federal Rules of Civil Procedure governing the trial of civil matters in Federal Court.

7)  The law of the state of Texas governs questions concerning real property law which affect this case.

IX.

**CONTESTED PROPOSITIONS OF LAW**

None identified.

X.

**EXHIBITS**

PLAINTIFF'S EXHIBITS:

A copy of the deed conveying the Defendant Property to Bulmaro Barron, Marina Barron, and Javier Barron

A copy of the Deed of Trust in favor of Deed of Trust, beneficiary Jack Van Bebber and wife, Neta Van Bebber

11

A copy of the survey of the Defendant Property

Photos of Defendant Property and marijuana discovered concealed in transformer casings on Defendant Property

Photos of Defendant Property and drug storage tank discovered on Defendant Property

Photo of marijuana press discovered during search of Defendant Property

Affidavit of Marina Barron disclaiming an interest in the Defendant Property

Affidavit of Javier Barron disclaiming an interest in the Defendant Property.

Stipulation setting out agreed facts


BARRON CLAIMANTS' EXHIBITS:

The Barron Claimants have provided no Exhibit list.


CLAIMANT TAXING ENTITIES' EXHIBITS:

Certified Copy of Tax Records

For

CAMERON COUNTY

CIVIL NO.: B-04-152

Statement of Delinquent taxes justly due, owing and unpaid to Cameron County, as shown by the delinquent tax roll for the following year(s) and in the following amounts against the property described as follows, to wit:

ACCOUNT NUMBER: 7475402050005000

PROPERTY DESCRIPTION

23.2900 Acres, more or less, located on Lot 5, Block 205, El Jardin, Abstract 2, Cameron County, Texas.

| YEAR | BASE TAX | PENALTIES & INTEREST | STATUTORY ATTORNEY FEES | TOTAL |
| --- | --- | --- | --- | --- |

| | | | |
|------|------|------|------|
| 2005 | $671.72 | $0.00 | $0.00 | $671.72 |
| 2004 | $671.72 | $327.80 | $0.00 | $999.52 |
| 2003 | $338.02 | $190.65 | $0.00 | $528.67 |
| 2002 | $245.50 | $172.34 | $0.00 | $417.84 |

| | |
|---|---|
| TOTAL TAXES: | $1,926.96 |
| STATUTORY PENALTIES + INTEREST: | $690.79 |
| STATUTORY ATTORNEY FEES: | $0.00 |
| TOTAL DUE: | $2,617.75 |

**THIS AMOUNT SUFFICIENT IF PAID IN THE MONTH OF JANUARY, 2006.**

Certified Copy of Tax Records

For

SOUTH TEXAS INDEPENDENT SCHOOL DISTRICT

CIVIL NO: B-04-152

Statement of Delinquent taxes justly due, owing and unpaid to South Texas Independent School District, as shown by the delinquent tax roll for the following year(s) and in the following amounts against eh property described as follows, to wit:

ACCOUNT NUMBER: 7475402050005000

PROPERTY DESCRIPTION

23.2900 Acres, more or less, located on Lot 5, Block 205, El Jardin, Abstract 2, Cameron County, Texas.

| YEAR | BASE TAX | PENALTIES & INTEREST | STATUTORY ATTORNEY FEES | TOTAL |
|------|----------|----------------------|-------------------------|-------|
| 2005 | $73.51 | $0.00 | $0.00 | $73.51 |
| 2004 | $73.51 | $35.87 | $0.00 | $109.38 |
| 2003 | $36.99 | $20.87 | $0.00 | $57.86 |
| 2002 | $28.26 | $19.83 | $0.00 | $48.09 |
| | | | | |
| TOTAL TAXES: | | | | $212.27 |
| STATUTORY PENALTIES + INTEREST: | | | | $76.57 |
| STATUTORY ATTORNEY FEES: | | | | $0.00 |
| TOTAL DUE: | | | | $288.84 |

THIS AMOUNT SUFFICIENT IF PAID IN THE MONTH OF JANUARY, 2006.

Certified Copy of Tax Records

For

CITY OF BROWNSVILLE

CIVIL NO: B-04-152

Statement of Delinquent taxes justly due, owing and unpaid to City of Brownsville, as shown by the delinquent tax roll for the following year(s) and in the following amounts against eh property described as follows, to wit:

ACCOUNT NUMBER: 7475402050005000

PROPERTY DESCRIPTION

23.2900 Acres, more or less, located on Lot 5, Block 205, El Jardin, Abstract 2, Cameron County, Texas.

| YEAR | BASE TAX | PENALTIES & INTEREST | STATUTORY ATTORNEY FEES | TOTAL |
|------|----------|----------------------|-------------------------|-------|
| 2005 | $1,275.20 | $0.00 | $0.00 | $1,275.20 |
| 2004 | $1,275.20 | $543.24 | $0.00 | $1,818.44 |
| 2003 | $641.72 | $361.93 | $0.00 | $1,003.65 |
| 2002 | $490.23 | $344.14 | $0.00 | $834.37 |
| | | | | |
| TOTAL TAXES: | | | | $3,682.35 |
| STATUTORY PENALTIES + INTEREST: | | | | $1,249.31 |
| STATUTORY ATTORNEY FEES: | | | | $0.00 |
| TOTAL DUE: | | | | $4,931.66 |

THIS AMOUNT SUFFICIENT IF PAID IN THE MONTH OF JANUARY, 2006.

15

Certified Copy of Tax Records

For

BROWNSVILLE NAVIGATION DISTRICT

CIVIL NO: B-04-152

Statement of Delinquent taxes justly due, owing and unpaid to South Texas Independent School District, as shown by the delinquent tax roll for the following year(s) and in the following amounts against eh property described as follows, to wit:

ACCOUNT NUMBER: 7475402050005000

PROPERTY DESCRIPTION

23.2900 Acres, more or less, located on Lot 5, Block 205, El Jardin, Abstract 2, Cameron County, Texas.

| YEAR | BASE TAX | PENALTIES & INTEREST | STATUTORY ATTORNEY FEES | TOTAL |
|---|---|---|---|---|
| 2005 | $126.21 | $0.00 | $0.00 | $126.21 |
| 2004 | $133.92 | $65.35 | $0.00 | $199.27 |
| 2003 | $69.77 | $39.35 | $0.00 | $109.12 |
| 2002 | $53.44 | $37.51 | $0.00 | $90.95 |
| | | | | |
| TOTAL TAXES: | | | | $383.34 |
| STATUTORY PENALTIES + INTEREST: | | | | $142.21 |
| STATUTORY ATTORNEY FEES: | | | | $0.00 |
| TOTAL DUE: | | | | $525.55 |

THIS AMOUNT SUFFICIENT IF PAID IN THE MONTH OF JANUARY, 2006.

Certified Copy of Tax Records

For

CAMERON COUNTY DRAINAGE DISTRICT #01

CIVIL NO: B-04-152

Statement of Delinquent taxes justly due, owing and unpaid to South Texas Independent School District, as shown by the delinquent tax roll for the following year(s) and in the following amounts against eh property described as follows, to wit:

ACCOUNT NUMBER: 7475402050005000

PROPERTY DESCRIPTION

23.2900 Acres, more or less, located on Lot 5, Block 205, El Jardin, Abstract 2, Cameron County, Texas.

| YEAR | BASE TAX | PENALTIES & INTEREST | STATUTORY ATTORNEY FEES | TOTAL |
|------|----------|----------------------|-------------------------|-------|
| 2005 | $83.49 | $0.00 | $0.00 | $83.49 |
| 2004 | $87.24 | $42.58 | $0.00 | $129.82 |
| 2003 | $50.14 | $28.28 | $0.00 | $78.42 |
| 2002 | $23.88 | $16.76 | $0.00 | $40.64 |
|  |  |  |  |  |
| TOTAL TAXES: |  |  |  | $244.75 |
| STATUTORY PENALTIES + INTEREST: |  |  |  | $87.62 |
| STATUTORY ATTORNEY FEES: |  |  |  | $0.00 |
| TOTAL DUE: |  |  |  | $332.37 |

THIS AMOUNT SUFFICIENT IF PAID IN THE MONTH OF JANUARY, 2006.

Certified Copy of Tax Records

For

TEXAS SOUTHMOST COLLEGE DISTRICT

CIVIL NO: B-04-152

Statement of Delinquent taxes justly due, owing and unpaid to South Texas Independent School District, as shown by the delinquent tax roll for the following year(s) and in the following amounts against eh property described as follows, to wit:

ACCOUNT NUMBER: 7475402050005000

PROPERTY DESCRIPTION

23.2900 Acres, more or less, located on Lot 5, Block 205, El Jardin, Abstract 2, Cameron County, Texas.

| YEAR | BASE TAX | PENALTIES & INTEREST | STATUTORY ATTORNEY FEES | TOTAL |
|---|---|---|---|---|
| 2005 | $305.25 | $0.00 | $0.00 | $305.25 |
| 2004 | $241.50 | $117.85 | $0.00 | $359.35 |
| 2003 | $124.00 | $69.94 | $0.00 | $193.94 |
| 2002 | $94.73 | $66.50 | $0.00 | $161.23 |
| | | | | |
| TOTAL TAXES: | | | | $765.48 |
| STATUTORY PENALTIES + INTEREST: | | | | $254.29 |
| STATUTORY ATTORNEY FEES: | | | | $0.00 |
| TOTAL DUE: | | | | $1,019.77 |

THIS AMOUNT SUFFICIENT IF PAID IN THE MONTH OF JANUARY, 2006.

Certified Copy of Tax Records

For

BROWNSVILLE INDEPENDENT SCHOOL DISTRICT

CIVIL NO: B-04-152

Statement of Delinquent taxes justly due, owing and unpaid to South Texas Independent School District, as shown by the delinquent tax roll for the following year(s) and in the following amounts against eh property described as follows, to wit:

ACCOUNT NUMBER: 7475402050005000

PROPERTY DESCRIPTION

23.2900 Acres, more or less, located on Lot 5, Block 205, El Jardin, Abstract 2, Cameron County, Texas.

| YEAR | BASE TAX | PENALTIES & INTEREST | STATUTORY ATTORNEY FEES | TOTAL |
|------|----------|----------------------|-------------------------|-------|
| 2005 | $2,785.95 | $0.00 | $0.00 | $2,785.95 |
| 2004 | $2,785.95 | $1,186.82 | $0.00 | $3,972.77 |
| 2003 | $1,401.96 | $790.71 | $0.00 | $2,192.67 |
| 2002 | $1,074.38 | $754.21 | $0.00 | $1,828.59 |
| | | | | |
| TOTAL TAXES: | | | | $8,048.24 |
| STATUTORY PENALTIES + INTEREST: | | | | $2,731.74 |
| STATUTORY ATTORNEY FEES: | | | | $0.00 |
| TOTAL DUE: | | | | $10,779.98 |

THIS AMOUNT SUFFICIENT IF PAID IN THE MONTH OF JANUARY, 2006.

**CLAIMANT VAN BEBBER'S EXHIBITS:**

Exhibit A:  Copy of Promissory Note and Deed of Trust, signed by the owner of the subject property, Bulmaro Barron, Marina Barron and Javier Barron.

Exhibit B:  Copy of Warranty Deed with a Vendor's Lien noting the lien on the subject property.

Exhibit C:  Copy of Transfer of Lien noting the lien and Neta Van Bebber's sole claim.

XI.

**WITNESSES**

**PLAINTIFF'S WITNESSES:**

Mr. Victor Hugas
Bureau of Immigration & Customs Enforcement
1800 Paredes Line Road
Brownsville, TX 78521-1691
(956)546-2513

Mr. Brian Collentine
Bureau of Immigration & Customs Enforcement
1800 Paredes Line Road
Brownsville, TX 78521-1691
(956)546-2513

Mr. Jaime Cavazos
Bureau of Immigration & Customs Enforcement
1800 Paredes Line Road
Brownsville, TX 78521-1691
(956)546-2513

Mr. Michael Powell
Bureau of Immigration & Customs Enforcement
1800 Paredes Line Road
Brownsville, TX 78521-1691
(956)546-2513

Mr. Martin Delgado
c/o Mr. Victor Hugas
Bureau of Immigration & Customs Enforcement
1800 Paredes Line Road
Brownsville, TX 78521-1691
(956)546-2513

Mr. Mario Barron
c/o Mr. Victor Hugas
Bureau of Immigration & Customs Enforcement
1800 Paredes Line Road

Brownsville, TX 78521-1691
(956)546-2513

Mr. Darren Eng
Bureau of Immigration & Customs Enforcement
280 South First Street, Ste 190
San Jose, CA 95113
(408)535-5145

Mr. Jai Khu
Bureau of Immigration & Customs Enforcement
280 South First Street, Ste 190
San Jose, CA 95113
(408)535-5145

Mr. Randy Dunn
Brownsville Police Deparment
600 E. Jackson
Brownsville, TX 78502
(956)548-7000

Mr. Oscar Maldonado
Brownsville Police Deparment
600 E. Jackson
Brownsville, TX 78502
(956)548-7000

Mr. Rolando Vasquez
Brownsville Police Deparment
600 E. Jackson
Brownsville, TX 78502
(956)548-7000

Claimant Javier Barron
c/o Mr. Mark E. Sossi
Three North Park Plaza
Brownsville, Texas 78521
(956)554-7877

Claimant Marianna Barron aka Marina Barron
c/o Mr. Mark E. Sossi
Three North Park Plaza
Brownsville, Texas 78521
(956)554-7877

Mr. Oscar Hernandez
Surveyor
Hernandez Surveying
3007 Tucker Road
Harlingen, TX 78550
(956)357-2185

**BARRON CLAIMANTS' WITNESSES:**

The Barron Claimants have provided no witness list.

**CLAIMANT TAXING ENTITIES' WITNESSES:**

1. Mr. Tony Yzaguirre
   Tax Assessor-Collector
   Mr. Jesse Garcia, Jr.
   Chief Deputy-Administration
   Cameron County Tax Office
   974 E. Harrison Street
   Brownsville, Texas 78520
   (956) 544-0800

2. Mr. Carlos Martinez
   Tax Assessor-Collector
   Mr. Jaime O. Estrada
   Deputy Tax Assessor-Collector
   Brownsville Independent School District
   P.O. Box 4050
   Brownsville, Texas 87523-4050
   (956) 548-7949

   CLAIMANT VAN BEBBER'S WITNESSES:

Josefina Barron
1548 East Harrison Street
Brownsville, Texas  78520

## XII.

### SETTLEMENT

Pursuant to the Local Rules, the parties state that all efforts at settlement have been exhausted and resolution of this matter without the need of a trial is unlikely.

## XIII.

### TRIAL

Plaintiff expects that the trial of this case will take three days/twenty-four hours.

XIV.

**PLAINTIFF'S PROPOSED VOIRE DIRE QUESTIONS**

1.    Does any member of the jury panel know claimant Marina Barron, or Javier Barron?

If any panel member responds in the affirmative:

      a.    Who is it that you know?

      a.    How did you come to know _____?

      b.    How long have you known him/her?

      c.    What was/is your relationship with him/her?

      d.    Have you or any member of your family ever been a visitor in his/her home?

      e.    Has he/she ever been a visitor in your home?


2.    Does any member of the jury panel know Bulmaro Barron or his son  Mario Barron?

      a.    Who is it that you know?

      a.    How did you come to know him?

      b.    How long have you known him?

      c.    What was/is your relationship with him?

      d.    Have you or any member of your family ever been a visitor in his home?

      e.    Has he ever been a visitor in your home?


3.    Does any person on the jury panel know Claimant's attorney Mr. Mark Sossi?

If any panel member responds in the affirmative:

      a.    How did you come to know Mr. Sossi?

23

b.   How long have you known him?

c.   What is your relationship with Mr. Sossi?

d.   Has he ever represented you?  (If "Yes," - What kind of case did he represent you in?)

e.   Has he ever been a client of you or your business?

f.   Have you or any member of your family ever been a visitor in his home?

g.   Has he ever been a visitor in your home?


4.   Does any person on the jury panel know any of the following persons: (Claimants' witnesses list read)

If any panel member responds in the affirmative:

a.   Who do you know?

b.   How did you come to know him/her?

b.   How long have you known him/her?

c.   What is your relationship with him/her?

d.   Have you or any member of your family ever been a visitor in his/her home?

e.   Has he/she ever been a visitor in your home?


5.   Has any person on the jury panel ever had a close friend or relative prosecuted for a drug offense?  If so would your please raise your hand?

(Questions proposed to be asked at the bench)

a.   You indicated that you had a close friend or relative prosecuted for a drug offense, who was that?

b.   What is your relationship to that person?

24

    c.   What were they charged with?

    d.   What happened in that case? (If not understood follow with: In every criminal case, only a handful of things can happen.  Charges can be dismissed, the defendant can plead guilty, they can go to trial and be convicted, or they can go to trial and be acquitted.  Which of these things happened in their case?)

6.  Has any person on the jury panel ever been involved in a case concerning the seizure or the forfeiture of any kind of property by a law enforcement organization?

If any panel member responds in the affirmative:

    a.   What the nature of that case?

    b.   What was your involvement in that case?

7.  Has any person on the jury panel ever served on a jury in a criminal case involving the trial of persons for the violation of any drug statute?

If any panel member responds in the affirmative:

    a.   Was that service in state or federal court?

    b.   Where did that service occur?

    c.   Do you remember who was:

        i.   The Judge in that case?

        ii.  The prosecutor in that case?

        iii. The attorney for the defendant(s) in that case?

8.   Does any person on the panel have a strong opinion concerning the laws which allow the forfeiture of property connected to criminal offenses?

If any panel member responds in the affirmative:

    a.   Is your opinion such that it might influence your ability to follow the instructions given to you the Court?


9.   Is their any person on the panel whose service as a juror in this case would be pose a hardship to them or to their family?


### BARRON CLAIMANTS' PROPOSED VOIRE DIRE QUESTIONS

The Barron Claimants have not provided any proposed voire dire questions.


### CLAIMANT TAXING ENTITIES' PROPOSED VOIRE DIRE QUESTIONS

Is any member of the jury panel employed by Cameron County, the Brownsville Navigation District, Cameron County Drainage District #1, the City of Brownsville, South Texas Independent School District, Texas Southmost College District or the Brownsville Independent School District?


Has any member of the jury panel been a defendant in a suit brought to collect a delinquent property tax, also known as an ad valorem tax?

    If any panel member responds in the affirmative:

Please identify the taxing entities that brought that suit to collect those taxes.

Does that experience cause you to harbor any feelings of anger or ill-will toward the Cameron County taxing entities in the present case?

Was a judgment taken against you in favor of the taxing entities in that other case?

If so, was nay of your property taken or sold to pay the delinquent taxes?

If so, does that experience cause you to harbor any feelings of anger or ill-will toward the Cameron County taxing entities in this case?

In spite of that experience, can you be fair and impartial to the Cameron County taxing entities in this case?

Has any member of the jury panel been a defendant in a suit brought to collect any type of delinquent tax other than a property tax?

If any member responds in the affirmative:

What type of tax was involved in the suit?

Was a judgment taken against you in that case?

If so, was any of your property taken or sold to pay the delinquent tax?

If so, does that experience cause you to harbor any feelings of anger or ill-will toward the Cameron County taxing entities in this case?

In spite of that experience, can you be fair and impartial to the Cameron County taxing entities in this case?

Has any member of the jury panel ever been the plaintiff in a suit in which taxes were in dispute?  For example, has any member of the jury panel ever filed suit against an appraisal district because you believed the appraisal district had placed an excessive value on your property?

If any member responds affirmatively:

Was the property located in Cameron County?

Was the outcome of the suit satisfactory?

In spite of that experience, can you be fair and impartial to the Cameron County taxing entities in this case?

**CLAIMANT VAN BEBBER'S PROPOSED VOIRE DIRE QUESTIONS**

NONE

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS AND VERDICT FORM**

Opening instructions

1. MEMBERS OF THE JURY:

We are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you need to have to understand your duties as jurors.

The party who brings a lawsuit is called the plaintiff. In this case, the plaintiff is the United States of America.

Authority:  Volume 2, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Section 70.01 (3rd Ed. 1977).

ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____

2.  The Defendant in this case is one piece of property located in Cameron County, Texas, together with its buildings, improvements, fixtures, attachments, and accretions described as follows:

Lot 5 Block 205 El Jardin Subdivision containing 23.39 acres, more or less, El Jardin Resubdivision, Espiritu Santo Grant in Cameron County, Texas, according to the Map of said Subdivision recorded in Volume 4, page 48, Map Records of Cameron County, Texas,

I will hereafter refer to this property as "the Defendant

Property."  This case is an action directed against property, and not against any individual.

Authority:  Volume 2, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Section 70.01 (3rd Ed. 1977); <u>Calero-Toledo v. Pearson Yacht Leasing Co.</u>, 416 U.S. 633, 680-84 (1974).


ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____


3.    Plaintiff, the United States, is seeking the forfeiture of the Defendant Property charging that it was used intended to be used to facilitate, or assist, one or more a drug trafficking offenses. Claimants Marina Barron and Javier Barron, Cameron County and other taxing entities, and Neta Van Bebber are contesting this forfeiture action as to their interests in the Defendant property.


Authority:  Volume 2, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Section 70.01 (3rd Ed. 1977); 21 U.S.C. § 881(a)(7).


ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____

4. The case will proceed in the following order:

First, the plaintiff may make an opening statement outlining that it expects its evidence to be.  The Claimants may make an opening statement outlining their case immediately after the plaintiff's opening statement, or may wait and make an opening statement after the conclusion of the Plaintiff's case.  The parties are not required to make an opening statement.

What is said in an opening statement is not evidence, but is intended to provide you with an introduction to the evidence each side expects to produce.

Next, the plaintiff will introduce evidence in support of its case.  At the conclusion of the plaintiff's case, the Claimants may introduce evidence.  The Claimants are not obliged to introduce any evidence or to call any witnesses.  If the Claimants introduces evidence, the plaintiff may then introduce rebuttal evidence.

Next the parties will present closing arguments to you setting out what they feel the evidence has shown and what inferences they feel you should draw from the evidence.  What is said in closing argument is not evidence.  The closing arguments are designed to present the contentions of the parties based on the evidence introduced in the case. The Plaintiff has the right to open and to close the arguments.

Next, I will instruct you on the law which you must apply in reaching your verdict.


Authority:  Volume 2, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Section 70.02 (3rd Ed. 1977).

31

ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____

5. Before the trial of this case, the parties entered into certain stipulations, or agreements, in which they agreed that certain facts would be accepted as true without further proof.  Such agreements are encouraged in the law as a means to speed and simplify trials.  Facts which have been agreed on by the parties do not need to be proven and you the jury are required to accept those facts as true.  This is because the jury's function is to resolve the questions of fact about which the parties do not agree.  If the parties agree about some of the facts, it is not the jury's function overrule that agreement.

Authority:  Volume 2, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Section 70.04 (3rd Ed. 1977).

ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____

6.  In a jury trial, there are two kinds of judges.  You are the judges of the facts.  It is your job to determine the facts from

the testimony that you hear and the other evidence that is presented concerning those facts about which the parties disagree. You are the sole and exclusive judges of the contested facts. I am the other judge in the case, the judge of the law. Questions regarding what the law is and how the various laws affect this case are questions for me to consider and decide. You are not to concern yourself with questions regarding the law and you must accept and apply the rules of law that I give you whether you agree with them or not.

The law of the United Sates permits the judge to comment on the evidence in the case during the trial or in instructing the jury. Such comments are only expressions of the judge's opinion as to the facts; and the jury may disregard them entirely.

Authority: Volume 2, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Section 70.05 (3rd Ed. 1977).

ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____

7. The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; all facts which may have been agreed upon or stipulated; and all the facts and events which may be judicially noticed. If I take

judicial notice of a fact or an event, I will tell and you may accept that judicial notice as evidence and regard the fact or event as proved, but you are not required to do so.

Statements and arguments of the attorneys are not evidence in the case.

Evidence to which an objection has been sustained or evidence ordered stricken must be disregarded and not considered.

Anything you may see or hear outside the courtroom is not evidence, and must be disregarded and not considered.

You are to consider only the evidence in the case. In considering that evidence you may draw from that evidence such reasonable inferences you feel are justified in the light of reason and experience.

Authority:  Volume 2, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Sections 11.11, 70.07 (3rd Ed. 1977).

ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____


8.  During the course of the trial, I may ask questions of a witness in order to help bring out facts not fully covered in the testimony.  Do not assume from such questions that I hold any opinion on the matter to which such questions relate.


Authority:  Volume 2, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Sections 10.11, 70.13 (3rd Ed. 1977).

ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____

9.   It is the duty of the attorneys to make an objection when he believes the other side is committing an error.  You should not allow yourself to be prejudiced against an attorney or his client because he made an objection.

It is the duty of the Court to rule on objections made by the attorneys.  By allowing testimony or evidence to be introduced over the objection of an attorney, the court is not indicating any opinion as to the weight or the effect of that evidence.  When the Court sustains an objection to a question addressed to a witness, the jury must disregard the question.

You are not to conclude from the rulings of the Court that it favors either side of the case or otherwise attempt to draw any inference from the Court's rulings made in your presence.

Authority:  Volume 2, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Sections 10.13, 70.15 (3rd Ed. 1977).

ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____

10.  Your job in this case is to resolve the questions regarding

35

the facts which the parties do not agree about.  This duty is to be preformed without bias for or against either party.  In preforming your duty, you may not consider or be influenced by sympathy, by prejudice, or by public opinion.  You must carefully and impartially consider all the evidence, follow the law that I give you, and return your verdict without regard to sympathy, to prejudice, or to public opinion.

Authority:  Volume 2, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Sections 71.02 (3rd Ed. 1977).

ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____

11.  It is important that you obey the following instructions concerning your jury service.

First, your are not to discuss the case among yourselves or with anyone else during the course of the trial.  You are to keep an open mind throughout the trial and reach you conclusions only during your deliberation s after you have heard all the evidence, the arguments of the attorneys, and the instructions I will give you on the law.

Second, do not permit any third person to discuss the case in your presence, you are to report that fact to me as soon as you are able.

Third, although it is normal to speak to persons with whom you come into contact, you are instructed not to talk to any of the parties, their attorneys, or with any witness for either side.  By this I mean not only that you are not to talk to them about the case, but you are not to talk to them about anything.  The attorneys, their clients, and their witnesses are given the same instructions, so please do not consider them rude for not speaking to you if you come into contact with them.

Fourth, do not read about the case in the newspaper and do not listen to any radio or television broadcast about this trial.

Authority:  Volume 2, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Sections 10.14, 70.116 (3rd Ed. 1977).

ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____

12. Since this case involves particular property, you may be tempted to visit that property to see it for yourself.  You may not do so.  The trial of a case must be regulated by the Court with the input from the parties.  Any unauthorized exploration by a member of the jury would avoid all the safeguards for fairness that are built into our trial system.  Also, by viewing the property, you would be making yourself a witness that none of the parties has had the opportunity to question.  For these reasons, visits to the

Defendant Property by members of the jury are strictly forbidden.

Authority:  Volume 2, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Sections 10.09, 70.12 (3rd Ed. 1977).

ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____

<u>Final instructions</u>

1. MEMBERS OF THE JURY:

Now that you have heard the evidence and the arguments, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law I give you to the facts of the case as you find them from the evidence.

You are not to single out one instruction alone as stating the law, but must consider the instruction as a whole.

Neither are you to be concerned with the wisdom of any rule of law given to you by the Court.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base your verdict upon any other view of the law than that given in my instructions to you, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Nothing I say in these instruction is to be taken as an indication what my opinion is about the facts, or that I have any opinion about the facts of the case.  It is not my function to determine the facts, it is your function.

Justice through trial by jury always depends on the willingness of each juror to seek the truth as to the facts from the evidence presented and to arrive at a verdict by applying the rules of law given to them by the Court to the facts as they have found them.

Authority:  Volume 2, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Section 71.01 (3rd Ed. 1977).


ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____


2.  You have been told that the Government and the Claimants agreed or stipulated to facts or that a certain witness, if called, would testify to specific events.  You must take the facts agreed upon as true.  You are to consider the stipulated witness testimony to be the person's testimony just as if the witness were in Court and testifying here.


Authority:  Volume 2, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Section 71.09 (3rd Ed. 1977).

ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____

3.    You are the sole judges of the credibility or "believability" of each witness that testifies and the weight to be given to his or her testimony.  In weighing the testimony of a witness, you should consider their relationship to the Plaintiff or to the Claimant; their interest, if any, in the outcome of the case; their manner of testifying; their opportunity to observe or acquire knowledge concerning the facts about which they testified; their candor, fairness, and intelligence; and the extent to which they have been supported of contradicted by the other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Authority:  Committee on Pattern Jury Instructions, United States Fifth Circuit District Judges Association, Pattern Jury Instructions for Civil Cases, Basic Instruction 4 (1980).

ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____


4.   As I told you at the start of this trial, this is an <u>in</u> <u>rem</u> action against real property, or, in other words, real estate, including all the things located permanently on the real estate. <u>In</u> <u>rem</u> is the legal term to legal proceedings directed against property and not against an individual.

Authority: <u>Calero-Toledo v. Pearson Yacht Leasing Co.</u>, 416 U.S. 633, 680-84 (1974).


ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____


5.   The United States charges that the Defendant Property is subject to forfeiture by Title 21, United States Code, Section 881(a)(7).  Title 21, United States Code, Section 881(a)(7) reads, as is pertinent to this case:

    (a)  The following shall be subject to forfeiture to the United States and no property right shall exist in them:

        ...

        (7)  All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any

41

appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment.

Authority:  Title 21, United States Code, Section 881(a)(7).


ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____


6.   The laws of the United states prohibit the distribution of a controlled substance or the possession of a controlled substance with intent to distribute that a controlled substance.

Authority:  Title 21, United States Code, Section 881(a)(1).

ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____


7.   To "distribute" means to deliver.


Authority:  Volume 2, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Section 58.03 (3rd Ed. 1977).

ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____


8.   Marihuana  is  controlled  substance  under  Title  21,  of  the
United States Code.  Distribution of any quantity of marihuana for
payment is punishable by imprisonment of up to 5 years.  Conspiracy
to commit that offense is punishable by imprisonment for the same
number  of  years  as  the  crime  which  is  the  object  of  that
conspiracy.


Authority: Title 21, United States Code, Section 812(c)(Schedule
I(c)(10)(marihuana);  Title  21,  United  States  Code,  Section
841(b)(1)(D)( minimum punishment for distribution of marihuana for
payment);  Title 21, United States Code, Section 846(punishment for
conspiracy to commit a drug trafficking offense).


ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____


9.  The burden of proof is on the Government to establish by a
preponderance  of  the  evidence  that  the  property  is  subject  to
forfeiture.  In this case, the Government, to prove its case, must

establish by a preponderance of the evidence that the Defendant Property was used, or was intended to be used, to commit, or to facilitate the distribution of marijuana for payment, and that there was a substantial connection between the property and that offense.

Authority:  Title 19, United States Code, Section 1615; Title 18, United States Code, Section 983(c).


ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____




10.  To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  Let me repeat that for you.  To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.

     In determining whether any fact has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who called them, and all exhibits received into evidence, regardless of who may have produced them.

     While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony

and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that you find have been established by the testimony and evidence in the case.

Authority:  <u>Fifth Circuit Pattern Jury Instructions, Civil, 2005</u>, 3.1; Volume 2, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Section 71.14 (3rd Ed. 1977); <u>In Re Briscoe Enterprises</u>, 992 F.2d 1160 (5th Cir. 1993).


ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____



11.  A form has been prepared for your use which asks the questions you are called upon to answer as a jury.  The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  The verdict form has several parts.  Depending on how the questions are answered, some questions may not have to be answered.  For each question that requires an answer, your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view toward reaching an agreement among yourselves.  You must each decide the case for yourself, but only

after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberation, do not hesitate to reexamine your own views and change your opinion if you become convinced that your earlier opinion was mistaken.  But do not surrender your honest convictions concerning weight and effect of the evidence solely because of the opinions held by you fellow jurors or merely to return a verdict.

Remember that you are not partisans or advocates -- you are not to favor one side or another.  You are all judges -- judges of the facts.  Your sole purpose is seek the true facts from the evidence and then to apply the rules of law I have given you to those facts.

The verdict form reads as follows: [Verdict form read].  You will take this form to the jury room and, when you have reached a unanimous agreement on each question asked, the foreperson will sign the verdict and let the Marshal attending to you that you have a verdict.

Authority:  Fed R. Civ. P. 48; Volume 2, Devitt and Blackmar, Federal Jury Practice and Instructions, Sections 74.01, 74.04 (3rd Ed. 1977).

ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____

12.  Upon retiring to the jury room, you will select one of your number to act as you foreperson.  The foreperson will preside over you deliberations and will be your spokesperson here in Court. Authority:  Volume 2, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Section 74.04 (3rd Ed. 1977).

ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____

13.  If  it  becomes  necessary  during  your  deliberations  to communicate with me, you may send a note to me signed by your foreperson.   No  member  of  the  jury  should  ever  attempt  to communicate with the Court by any other means than by a signed note.  In any communication to the Court you are not to reveal how you stand concerning the questions before or how many persons are voting a particular way.

Authority:  Volume 2, Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Section 74.08 (3rd Ed. 1977).

ACCEPTED_____

REJECTED_____

MODIFIED_____

WITHDRAWN_____

VERDICT FORM

1.    Do you find the Defendant Property was used or was intended to be used to facilitate the distribution of marijuana for payment?

_____    Yes, we find the Defendant Property was used or was intended to be used to facilitate the distribution of marijuana for payment.

_____    No, we do not find that the Defendant Property was used or was intended to be used to facilitate the distribution of marijuana for payment.

2.    Do you find there was a substantial connection between the Defendant Property and the distribution or attempted distribution of marijuana for payment?

_____    Yes, we find there was a substantial connection between the Defendant Property and the distribution or the attempted distribution of marijuana for payment.

_____    No, we do not find there was a substantial connection between the Defendant Property and the distribution or the attempted distribution of marijuana for payment.

THE ABOVE REPRESENTS THE JURY'S UNANIMOUS VERDICT

_____
Signature of Foreperson

_____
Printed Name of Foreperson

_____
Date of Verdict

## BARRON CLAIMANTS' PROPOSED CHARGE TO THE JURY

The Barron Claimant have not provided a proposed charge to the jury.


## CLAIMANT TAXING ENTITIES' PROPOSED CHARGE TO THE JURY

From a preponderance of the evidence, what amount of money, if any, do you find to be the amount of money owed to the **Brownsville Independent School District** on the defendant real property for each year listed below?  In answering this question you are instructed that you are to consider the amount of tax levied on the property plus any interest or any interest and penalties that may also be owed.  Answer in dollar and cents, if any.

| Year | Amount owed, if any |
|------|--------------------|
| 2002 | $ |
| 2003 | $ |
| 2004 | $ |
| 2005 | $ |

From a preponderance of the evidence, what amount of money, if any, do you find to be the amount of money owed to the **Cameron County**, for itself and on behalf of the Brownsville Navigation District, Cameron County Drainage District #1, City of Brownsville, South Texas Independent School District and the Texas Southmost College District on the defendant real property for each year listed below? In answering this question you are instructed that you are to consider the amount of tax levied on the property plus any interest or any interest and penalties that may also be owed.  Anser in dollar and cents, if any.

| Year | Amount owed, if any |
|------|---------------------|
| 2002 | $ |
| 2003 | $ |
| 2004 | $ |
| 2005 | $ |

**CLAIMANT VAN BEBBER'S PROPOSED CHARGE TO THE JURY**

1.   Claimant Neta Van Bebber contends that she is an innocent lienholder.  Her lien pre-dates any of the alleged illegal activities and cannot be extinguished by any forfeiture in this matter.  Upon forfeiture, if so ordered, and subsequent sale of the property, she is entitled to her principal, accrued interest, and attorney's fees as provided in the note and deed of trust.  If the matter is resolved in favor of the Barrons, claimant Van Bebber is entitled to demand that the note be brought current, all past-due taxes be paid, and attorney's fees be paid.  Claimant Neta Van Bebber charges that the Defendant Property is not subject to forfeiture by Title 18, United States Code, Section 983 (d) (1) and (2) (A) (i).  Title 18, United States Code, Section 983 (d) (1) and (2) (A) (i) reads as pertinent to the case

Innocent Owner's Defense -

An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute.  The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence.

With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term "innocent owner" means an owner who

Did not know of the conduct giving rise to forfeiture

Authority:  Title 18, United States Code, Section 983(d)(1) and (2)(A)(i).

ACCEPTED _____

REJECTED _____

MODIFIED _____

WITHDRAWN _____

VERDICT FORM

Do you find that Claimant Van Bebber acquired an interest in the Defendant property prior to the act giving rise to forfeiture?

_____ Yes, we find that claimant Van Bebber acquired a lien interest in the Defendant Property prior the act giving rise to forfeiture.

_____ No, we do not find that Claimant Van Bebber acquired a lien interest in the property prior to the act giving rise to forfeiture.

Do you find that Claimant Van Bebber did not know of the act giving rise to the forfeiture?

_____ Yes, we find that Claimant Van Bebber did not know of the act giving rise to the forfeiture.

_____ No, we do not find that Claimant Van Bebber did not know of the act giving  rise to the forfeiture.

Do you find that Claimant Van Bebber should not reasonably have known of the act giving rise to the forfeiture?

_____ Yes, we find that Claimant Van Bebber should not reasonably have known of the act giving rise to the forfeiture.

_____ No, we do not find that Claimant Van Bebber should not reasonably have known of the act giving rise to the forfeiture.

Do you find that Claimant Van Bebber did not know that the act giving rise to the forfeiture was likely to occur at or before the time of acquiring the lien interest?

_____ Yes, we find that Claimant Van Bebber did not know that the act giving rise to the forfeiture was likely to occur at or before acquiring the client interest.

_____ No, we do not find that Claimant Van Bebber did not know that the act giving rise to the forfeiture was likely to occur at or before acquiring the client interest.

THE ABOVE REPRESENTS THE JURY'S UNANIMOUS VERDICT

_____
Signature of Foreperson

_____
Printed Name of Foreperson

_____
Date of Verdict

_____          _____
HILDA TAGLE                              Date
UNITED STATES DISTRICT JUDGE


Approved:


CHUCK ROSENBERG
UNITED STATES ATTORNEY


 /S/ Allan Hoffmann_____                 12/15/05_____
Allan Hoffmann                           Date
Assistant U. S. Attorney

Counsel for Plaintiff


CAMERON COUNTY ET AL.


 /S/Kent M. Rider_____                 12/15/05_____
Kent M. Rider                            Date
Attorney at Law

Counsel for Claimant
Cameron County and others


NETA VAN BEBBER


 /s/ Arthur McCullough___                 /12/15/05_____
Arthur "Gene" McCullogh                  Date
Attorney at Law

Counsel for Claimant
Neta Van Bebber