```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
                          McALLEN DIVISION
UNITED STATES OF AMERICA,        *
            Plaintiff,           *
v.                               *        CIVIL NO. B-04-152
                                 *
ONE PIECE OF REAL PROPERTY       *
LOCATED IN CAMERON COUNTY,       *
TEXAS,       Defendant.          *
```

### PLAINTIFF'S MOTION JUDGMENT AS TO CLAIMANTS JAVIER BARRON AND MARIANNA BARRON

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through its United States Attorney for the Southern District of Texas and its Assistant United States Attorney assigned to this matter, and would respectfully show the Court following:

I.

In its Amended Scheduling Order filed on November 10, 2005, the Court Ordered the filing of a Joint Pretrial Order by December 15, 2005. Although Plaintiff diligently sought their contributions to a Joint Pretrial Order, Claimants Javier Barron and Marianna Barron have utterly failed to contribute or to participate in the preparation of a Joint Pretrial Order as Ordered by the Court. In support of this statement, Plaintiff would show the Court the following.

II.

On November 11, 2005, the undersigned faxed a draft of a Joint Pretrial Order to all counsel and asked each of them for their contributions to the Pretrial Order. Timely input was received from Mr. Rider on behalf of Claimant Taxing Entities and from Mr. McCullough on behalf of Ms. Van Bebber. On December 9, 2005, the

undersigned called Mr. Sossi, counsel for the Barron Claimants, did not reach him, and left a voice mail message asking him to return the call. No return call was received. On December 12, 2005, the undersigned spoke with Mr. Sossi and was advised he, Mr. Sossi, was working on the case. On December 13, 2005, the undersigned telefaxed Mr. Sossi a letter noting that he had yet to receive the Barrons' contributions to the Joint Pretrial Order and asking Mr. Sossi to provide his clients' contentions, exhibit list, witness list, proposed voire dire questions, and requested jury instructions and verdict form as quickly as possible. The undersigned also asked Mr. Sossi to state whether paragraphs I, II, III, IV, VI, VII, VII, IX, and XII of the proposed Joint Pretrial Order telefaxed to him on November 11, 2005, met with his approval. The undersigned spoke with Mr. Sossi once on December 13, three times on December 14, and once on December 15, each time receiving assurances that the Barrons' contributions to the Pretrial Order were forthcoming. Contrary to those assertions, no input or contribution to the Pretrial Order was received from the Barron Claimants.

Faced with the Barron Claimants' complete failure to cooperate with the preparation of a Joint Pretrial Order in total disregard for the Court's Order of November 10, 2005, Plaintiff, Claimant Taxing Entities, and Claimant Van Bebber electronically filed their contribution to a Pretrial Order on November 15, 2005, without input from the Barron Claimants.

Since that date, the Barron Claimants have made no attempt to cure or rectify their failures set out above so that a Joint Pretrial Order might be filed out of time.

III.

Rule 16(f) of the Federal Rules of Civil Procedure provides:

> **Sanctions.** If a party or party's attorney fails to obey a scheduling or pretrial order. . . or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Rule 37(b)(2)(B),(C), and (D) of the Federal Rules of Civil Procedure provide for the following sanctions:

> **(B)** An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> **(C)** An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> **(D)** In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any order except an order to submit to physical or mental examination[.]

IV.

Because of the Barron Claimants total disregard for the Court's Order of November 10, 2005, and their complete and persistent failure to participate in the preparation of a Joint Pretrial Order as Ordered by the Court, and pursuant to Federal Rule of Civil Procedure 16(f) and 37(b)(2(C), Plaintiff prays that the document styled "Javier Barron and Marianna Barron [sic] Orignal Answer and Crossclaim," document nine in the Court's file, be stricken from the record and that a Judgment by Default be entered against Claimants Javier Barron and Marianna Barron.

V.

The undersigned knows that the Court is concerned that litigation be conducted properly and that its Orders be obeyed, but

in all things, that justice be served. As such, the undersigned would respectfully show the court that Claimants Javier Barron and Marianna Barron are merely straw owners of the Defendant Property and have given affidavits confirming that to be true. Copies those Affidavits are attached hereto as Attachments 1 and 2. Therefore, granting the remedy prayed for by Plaintiff would in no way impede but would rather further the interests of justice.

                                                Respectfully submitted,

                                                CHUCK ROSENBERG
                                                UNITED STATES ATTORNEY

                                                 /S/ Allan Hoffmann
                                                Allan Hoffmann
                                                Assistant U. S. Attorney
                                                Attorney-in-Charge
                                                Texas Bar No. 09778700
                                                Southern District No. 6042
                                                U. S. Attorney's Office
                                                1701 W. Business 83, Suite 600
                                                McAllen, Texas 78501
                                                (956)630-3173

**<u>VERIFICATION</u>**

I, Allan Hoffmann, Assistant United States Attorney, declare under penalty of perjury that I am the attorney for Plaintiff in this case, that I have read the foregoing motion and, upon information and belief, affirm that all the statements contained therein are true.

                                                 /S/ Allan Hoffmann
                                                Allan Hoffmann
                                                Assistant U.S. Attorney

## **CERTIFICATE OF CONSULTATION**

The undersigned hereby certifies that, as a motion for judgment, consultation with counsel for the Barron Claimants is not required by the Local Rules.

The undersigned hereby certifies that he attempted to consult with Kent Rider, counsel for Cameron County and other taxing, but was unable to determine his position toward this motion.

The undersigned hereby certifies that he consulted with Mr. Arthur Eugene McCullough, counsel for Neta Van Bebber, and he does not oppose this motion.

/S/ Allan Hoffmann  
Allan Hoffmann  
Assistant U. S. Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing instrument was telefaxed and mailed via certified mail, return receipt requested to:

Mr. Arthur "Gene" McCullogh  
Attorney at Law  
P. O. Box 2244  
Harlingen, TX 78551-2244

Mr. Kent M. Rider  
Attorney at Law  
P. O. Box 17428  
Austin, TX 78760

Mr. Mark E. Sossi  
Attorney at Law  
Three North Park Plaza  
Brownsville, Texas 78521

on this the __20th__ day of December, 2005.

      _/S/ Allan Hoffmann_  
      Allan Hoffmann  
      Assistant U.S. Attorney