UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 21 2005

Michael N. Milby
Clerk of Court

| UNITED STATES OF AMERICA, | § |  |
|---|---|---|
| PLAINTIFF, | § |  |
|  | § |  |
| VS. | § | CIVIL NO. B-04-152 |
|  | § |  |
| ONE PIECE OF REAL PROPERTY | § |  |
| LOCATED IN CAMERON COUNTY, | § |  |
| TEXAS,         DEFENDANT, | § |  |

### JAVIER AND MARIANNA BARRON'S MOTION FOR LEAVE TO FILE AND CLAIMANTS CONTRIBUTIONS TO THE JOINT PRETRIAL ORDER, AND OPPOSITION TO GOVERNMENT'S MOTION FOR JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Javier Barron and Marianna Barron, sometimes hereinafter referred to as "the Barron Claimants", by and through its attorney of record assigned to this matter, and file this, their Motion for Leave to File and Claimants Contributions to the Joint Pretrial Order, and Opposition to Government's Motion for Judgment.

1) The Claimants have provided the US Government a copy of their contributions to the Joint Pretrial Order. However, in the Holiday rush, Claimants are not sure whether their contributions will be in corporated and therefore out of a burden of courteous seek leave to file this contribution to the pre trial order out of time.

2) The US Government request for a "death penalty" sanction and seizure of a $86,000 property simply because Claimants were several days late in filing their contributions is excessive and violates of the 8th Amendment. The US Government never conferred with Counsel over the filing of a Motion for

Judgment and Claimant's Counsel thought the Government was still obtaining contributions from the other parties.

## JOINT PRETRIAL ORDER

No objection to paragraph 1, 2, or 3 of the proposed joint pretrial order.

## PENDING MOTIONS

Javier and Marianna Barron's Motion for Leave to File and Claimant's Contributions to the Joint Pretrial Order, and Opposition to Government's Motion for Judgment.

## CONTENTIONS FACT OF JAVIER AND MARINA BARRON

1) The Claimants, Javier Barron and Marianna Barron, are innocent owners of the property, pursuant to 18 USC 983(d), and furthermore, acquired the property in question pursuant to a vendors lien fled in the deed records of Cameron County, Texas on August 15th, 1991.

2) The Government of the United States has stipulated that Javier and Marianna Barron acquired title to the property by way of warranty deed dated and filed with the Cameron County Clerks office on August 15th, 1991. Under Texas law, ownership interest in the property is transferred with the filing of a warranty deed. The statute of limitations has passed as to any of the governments claims for forfeiture before the property was acquired in 1991.

3) The claimants are the owners of the property in fee simple by warranty deed, and are not "straw owners". The fact that the claimants live in California, that they do not use the property because they reside out of state, and because other

members of the family do use the property with their permission, because they live in Brownsville, Texas does not make the claimants "straw owners." Javier and Marianna Barron have considered themselves to be real owners of the property in question since they acquired title on August 15th, 1991.

4) Javier and Marianna Barron have never been convicted of any crime and were not aware of the use of the property in question for any criminal enterprise, in the alternative, once Javier and Marianna Barron became aware of the fact that Bulmaro Barron had used the property for drug trafficking, they took every reasonable step to ensure any such activity would not continue.

5) Claimants Javier and Marianna Barron would show that they are entitled to the defense afforded innocent owners set forth in 18 USC 983 and have timely asserted that defense in their pleadings.

6) Since Javier and Marianna Barron acquired title on August 15th, 1991, they are pre existing innocent owners and in order to prove their innocent owner defense, only need prove that: (1) they are the owners of the property, (2) that they did not know of the unlawful act associated with the property. See 18 USC 983(d).

7) The Claimants Javier and Marianna Barron would show that the claims of the Government of the United States are barred by the statute of limitations.

## CONTESTED ISSUES OF FACT

1) Whether the Claimants are "innocent owners" of the property in question and are therefore entitled to the defenses set forth in the Civil Asset Reform Act 18 USC §983.

2) Whether Javier and Marinna Barron knew of the unlawful acts associated with the property.

3) Whether after discovering that the property had been used unlawfully, whether Javier and Marina Barron acted reasonably to stop any future use of the property related to the sale or distribution of narcotics.

4) Whether the claims of the United States are barred by the statute of limitations.

5) Whether the Government of the United States can prove a discovery rule exception to the statute of limitations in this case.

6) Whether Javier Barron and Marianna Barron are preexisting innocent owners or after acquired owners of the property in question.

## CONTESTED PROPOSITIONS OF LAW

1) Whether Javier Barron and Marianna Barron acquired legal title on August 15th, 1991, at the time of the filing of the warranty deed.

2) Whether the Statute of Limitations bars the claims of the United States from claiming that Javier Barron and Marianna Barron are "straw owners" since they

did not bring this action within two years of the property being transferred to Javier and Marianna Barron.

3) Whether Javier and Marianna Barron are innocent owners and are therefore entitled to the defenses set forth in 18 USC 983.

4) Whether Javier and Marianna Barron are "pre existing innocent owners" or "after acquired innocent owners" of the property in question. Pre existing owners must establish that (1) they are the owners of the property, (2) that they did not know of the unlawful act associated with the property or that upon learning of such conduct they did all they could reasonably be expected to do to prevent it. See 18 USC 983(d). After acquired owners must establish that (1) they are in fact the owner of the property, (2) that they are bona fide purchasers for value and (3) at the time of the acquisition, they did not know or have reason to know that the property is the proceeds of criminal activity.

5) Whether the Governments argument that the plaintiffs are not "bona fide purchasers for value" wrongfully shifts the burden of proof since plaintiffs acquired title on August 15th, 1991 and are preexisting innocent owners and as such do not have the burden of showing that they are bona fide purchasers for value pursuant to 18 USC 933.

6) Whether the Governments argument that the plaintiffs acquisition of title by warranty deed to the property on August 15th 1991 is barred by the statute of limitations.

7) Whether Javier and Marianna Barron substantially prevail in this litigation and are therefore entitled to attorney fees pursuant to 28 USC §2645.

## EXHIBITS

Barron Claimants Exhibits

See Attachment A

## WITNESSES

Barron Claimants Witnesses

See Attachment B

## SETTLEMENT

The efforts for settlement have not been exhausted and frankly, the Government of the United States and the Claimants had a tentative agreement which hinged on an agreement being worked out by the Cameron County Taxing Authorities. The reason for the sole obstacle to settlement is that when Bulmaro Barron was dropped from the Deed, the Cameron County Tax Office removed the agricultural exemption and unpaid taxes have occurred on the property because the owners had thought the property was still agricultural exempt. Normally, the agricultural exemption is not removed except where there are new owners of the property. In this case, the taxing entity withdrew the agricultural exemption despite the fact that Javier and Marianna Barron were still owners of the property. Claimant is still hopeful that an agreement with the taxing authorities can be worked out before trial.

## OTHER ATTACHMENTS

Barron Claimant's Proposed Voir Dire Questions.

See Attachment C

Barron Claimant's Proposed Charge to the Jury.

See Attachment D

                        Respectfully Submitted,

                        LAW OFFICE OF MARK E. SOSSI
                        Three North Park Plaza
                        Brownsville, Texas 78521
                        Telephone: (956) 554-7877
                        Facsimile: (956) 554-7879

                        By: _____
                             Mark E. Sossi
                             State Bar No. 18855680

                        **ATTORNEY FOR CLAIMANTS**
                        **JAVIER AND MARIANNA BARRON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded via regular mail and/or via facsimile on the 21st day of December 2005, has been forwarded to:

Allan Hoffmann
Assistant U.S. Attorney
U.S. Attorney Office
1701 W. Highway 83, Suite 600
McAllen, Texas 78501
Facsimile: (956) 618-8016

Kent M. Rider
Claimant Taxing Entities
P.O. Box 17428
Austin, Texas 78760
Facsimile: (512) 443-3494

Gene McCullough
Claimant Nita Van Bebber
323 E. Jackson Street
Harlingen, Texas 78551
Facsimile: (956) 423-4976

Mark E. Sossi

## CERTIFICATE OF SERVICE

These contributions were provided to the US Attorney's Office and other Counsels of record. Counsel is uncertain as to whether these contributions have been incorporated in the Joint Pretrial Order and is filing this out of a burden of courteous.

Mark E. Sossi