```
          UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF TEXAS
                McALLEN DIVISION
UNITED STATES OF AMERICA,      *
          Plaintiff,           *
v.                             *       CIVIL NO. B-04-152
                               *
ONE PIECE OF REAL PROPERTY     *
LOCATED IN CAMERON COUNTY,     *
TEXAS,       Defendant.        *
```

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION JUDGMENT AS TO
<u>JAVIER BARRON AND MARIANNA BARRON</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through its United States Attorney for the Southern District of Texas and its Assistant United States Attorney assigned to this matter, and would respectfully show the Court following:

I.

The Barron Claimants failure to obey the Court's Order of November 10, 2005, empowers the Court to sanction them by striking their pleadings and entering a Default Judgment against them. Fed. R. Civ. P. 16(f); 37(b)(2)(C). This Memorandum of Law is submitted to show that judgment against the Barron Claimants is correct outcome in this case.

II.

<u>The Barron Claimants Are Straw Owners</u>

There is no serious dispute that 818 pounds of marijuana was found on the Defendant Property concealed in electric transformers housings on July 3, 1995, that 3.62 kilograms of marijuana was found on the Defendant Property on September 19, 2001, and a tank used to store drugs was found on the Defendant Property on August

28, 2001. The use of the Defendant Property to facilitate drug trafficking renders it subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7). E.g. United States v. 16328 South 43rd East Avenue, 275 F.3d 1281 (10th Cir.) cert. denied 122 S.Ct 1918 (2002); United States v. 6040 Wentworth Avenue South, 123 F.3d 685 (8th Cir. 1997); United States v. Approximately 50 Acres of Real Property, 920 F.2d 900 (11th Cir. 1991); United States v. Lot 9, Block 2 of Donnybrook Place, 919 F.2d 994 (5th Cir. 1990).

The property being subject to forfeiture, in order to prevail the Barron Claimants must show themselves to be innocent owners whose interest in the Defendant Property is protected. The Courts have long recognized that straw or nominal owners lack standing to contest a forfeiture action. E. g. United States v. Carrell, 252 F.3d 1193, 1204 (11th Cir. 2001); United States v. Conntents of Accounts, 971 F.2d 974, 985-86 (3rd Cir. 1992); United States v. Liscum Drive, 866 F.2d 213, 217 (6th Cir. 1989); United States v. One 1981 Datsun 280ZX, 563 F. Supp. 470, 475-76 (E.D. Pa. 1983). This view has been codified in 18 U.S.C. § 983(d)(6)(B)(iii) which excludes from the "innocent owner" protections "a nominee who exercises no dominion or control over the property." 18 U.S.C. § 983(d)(6)(B)(iii).

Barron Claimants have never exercised dominion or control over the Defendant Property, as they admit in the Affidavits which are Attachments 1 and 2 of Plaintiff's Motion for Judgment. As such, they cannot be innocent owners and Plaintiff is entitled to the entry of judgment against them.

III.

<u>The Barron Claimants' Pleadings are Fatally Defective</u>

In addition to being mere straw owners, neither of the Barron Claimants has filed a Claim to the Defendant Property pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. The filing of a verified Claim pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims is necessary to establish standing to defend the action <u>in rem</u>. <u>United States v. Cambio Exacto S.A.</u>, 166 F.3d 522, 526 (2nd Cir. 1999); <u>United States v. United States Currency</u>, 754 F.2d 208, 212-14 (7th Cir. 1986). A putative claimant who fails to comply with Rule C(6) does not establish a right to be heard concerning the disposition of the defendant <u>res</u>. <u>Id</u>.

Because the Barron Claimants have failed to file a verified Claim as required by Supplemental Rules of Certain Admiralty and Maritime Claims, they have not established standing to appear in this controversy and their Answer should be stricken. <u>United States v. One Dairy Farm</u>, 918 F.2d 310, 311 (1st Cir. 1990)(the filing of a Claim is a prerequisite to the right to file an Answer); <u>United States v. Beechcraft Queen Airplane</u>, 789 F.2d 627, 630 (8th Cir. 1986)(affirming District Court's Order striking Answer filed in the absence of a Claim); <u>United States v. Fourteen (14) Handguns</u>, 524 F. Supp. 395 (S.D. Tex. 1981)(holding the filing of a Claim is a prerequisite to the right to file an Answer and granting Plaintiff's Motion to Strike).

For this reason, Plaintiff is entitled to prevail against the Barron Claimants.

Respectfully submitted,

CHUCK ROSENBERG
UNITED STATES ATTORNEY


　/S/ Allan Hoffmann
Allan Hoffmann
Assistant U. S. Attorney
Attorney-in-Charge
Texas Bar No. 09778700
Southern District No. 6042
U. S. Attorney's Office
1701 W. Business 83, Suite 600
McAllen, Texas 78501
(956)630-3173

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing instrument was telefaxed and mailed via certified mail, return receipt requested to:

Mr. Arthur "Gene" McCullogh
Attorney at Law
P. O. Box 2244
Harlingen, TX 78551-2244

Mr. Kent M. Rider
Attorney at Law
P. O. Box 17428
Austin, TX 78760

Mr. Mark E. Sossi
Attorney at Law
Three North Park Plaza
Brownsville, Texas 78521


on this the　27th　day of December, 2005.


　/S/ Allan Hoffmann
Allan Hoffmann
Assistant U.S. Attorney

4