UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

```
UNITED STATES OF AMERICA,      *
          Plaintiff,           *
v.                             *      CIVIL NO. B-04-152
                               *
ONE PIECE OF REAL PROPERTY     *
LOCATED IN CAMERON COUNTY,     *
TEXAS,        Defendant.       *
```

**PLAINTIFF'S RESPONSE TO JAVIER AND MARIANNA
BARRON'S MOTION FOR LEAVE TO FILE CLAIMANTS
CONTRIBUTIONS TO THE JOINT PRETRIAL ORDER, AND
OPPOSITION TO GOVERNMENT'S MOTION FOR JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through its United States Attorney for the Southern District of Texas and its Assistant United States Attorney assigned to this matter, and would respectfully show the Court following:

I.

The Barron Claimants assert that the sanction of striking their pleadings and entering judgment against them as requested the United States would be excessive and would be a violation of the Eighth Amendment. The relief prayed for by Plaintiff, which is expressly provided for by the Federal Rules of Civil Procedure, is not excessive in this case because the Barron Claimants are merely straw owners of the Defendant Property. The entry of judgment against them as a sanction for their abject failure to obey the Court's Order of November 10, 2005, is not excessive; it is just. There is no Eighth Amendment violation. The Barron Claimants have no genuine interest in the Defendant Property; the loss of their sham interest is not an excessive fine.

Counsel for the Barron Claimants states: "Counsel thought the Government was still obtaining contributions from other parties." The undersigned does not know how this can be true. The undersigned advised Mr. Sossi the morning of December 15, 2005, in a phone call initiated by counsel for Plaintiff (as were each of the previous seven telephone calls seeking his cooperation in the preparation of the Joint Pretrial Order) that, if he did not receive the Barron Claimants' contributions, the remaining parties would file their contributions to the Pretrial Order that day. The undersigned waited until after 5:00 p.m. on December 15, 2005, to file Plaintiff's, Claimant Taxing Entities, and Claimant Van Bebber's contributions electronically to give the Barron Claimants the greatest possible opportunity to comply with the Court's Order. Counsel for Plaintiff heard nothing from the Barron Claimants December 15, 2005, and that silence continued unabated for the following five days.

II.

The Barron Claimants should not be granted leave to file what they represent to be their contributions to the Joint Pretrial Order because their purported contributions are wholly inadequate and demonstrate their ongoing failure to participate in the preparation of a Joint Pretrial Order in good faith.

A.
The Barron Claimants Fail To Address Facts
and Propositions of Law Agreed To
By The Remaining Parties

Paragraph VI. of Plaintiff's Claimant Taxing Entities' and Claimant Van Bebber's Contributions list eleven agreed facts including the agreed relevance and admissibility of three attached exhibits. The Barron Claimants, while purporting to attempt to

cure their failure to participate in the preparation of the Joint Pretrial Order, conveniently fail to address these agreed facts leaving Plaintiff, Claimant Taxing Entities, Claimant Van Bebber, and the Court in the dark as to whether they agree with some, all, or none of the facts agreed to by the remaining parties.  Thus the Barron Claimants purported contribution to the preparation of a Joint Pretrial Order actually demonstrate their ongoing failure to participate in the preparation of a Joint Pretrial Order in good faith.

Paragraph VIII. of Plaintiff's Claimant Taxing Entities' and Claimant Van Bebber's Contributions list seven agreed propositions of law.  The Barron Claimants, while purporting to attempt to cure failure to participate in the preparation of the Joint Pretrial Order conveniently fail to address paragraph VIII., leaving Plaintiff, Claimant Taxing Entities, Claimant Van Bebber, and the Court to wonder whether they agree with some, all, or none of the propositions of law agreed to by all of the other parties.  Thus the Barron Claimants purported contribution to the preparation of a Joint Pretrial Order actually demonstrates their ongoing failure to participate in the preparation of a Joint Pretrial Order in good faith.

### B. The Barron Claimants Purported Contributions Raise Non-issues As Issues

The purported contribution of the Barron Claimants, tendered without consultation with any of the other parties, demonstrates their ongoing failure to participate in the preparation of a Joint Pretrial Order in good faith by rasing as non-issues as issues.

The Barron's proposed Contested Issue of Fact 4) addresses the statute of limitations.  The statute of limitations is clearly not

3

a question of fact but a question of law. It is, moreover, a question of law already ruled on by the Court.

The Barron's proposed Contested Issue of Fact 6) and proposed Contested Proposition of Law 4) address the subject of whether Javier Barron and Marianna Barron are preexisting owners or after acquired owners of the property in question. "Preexisting owners" have greater rights under federal forfeiture the law than do "after acquired" owners. *Plaintiff has never contended that the Barron Claimants are "after acquired" owners*. If they were owners, which they are not, they would be preexisting owners in that the deed by which they became owners of record was file in 1991 while the first known use of the Defendant Property to facilitate drug trafficking occurred in 1995. What the Barron Claimants raise as a contested issue is not contested at all.

The Barron's proposed Contested Proposition of Law 4) address the subject of whether Javier Barron and Marianna Barron are bona fide purchasers for value. The question of whether they are bona fide purchasers for value would come into play only if Plaintiff contended they were after acquired owners of the property in question. What the Barron Claimants raise as a contested issue is not contested at all.

THEREFORE, for these reasons, and for the reasons set out in its motion and memorandum of law in support of that motion, Plaintiff respectfully prays that Plaintiff's Motion for Judgment as to Claimants Javier Barron and Marianna Baron be GRANTED,[1] and that Javier and Marianna Barron's Motion for Leave to File Claimants Contributions to the Pretrial Order be DENIED.

---

[1] The undersigned would respectfully show the court that it's Motion for Judgment is opposed by the Barron Claimants, is not opposed by Claimant Taxing Entities, and is not opposed by Claimant Van Bebber.

Respectfully submitted,

CHUCK ROSENBERG
UNITED STATES ATTORNEY

 /S/ Allan Hoffmann
Allan Hoffmann
Assistant U. S. Attorney
Attorney-in-Charge
Texas Bar No. 09778700
Southern District No. 6042
U. S. Attorney's Office
1701 W. Business 83, Suite 600
McAllen, Texas 78501
(956)630-3173

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument was telefaxed and mailed via certified mail, return receipt requested to:

Mr. Arthur "Gene" McCullogh
Attorney at Law
P. O. Box 2244
Harlingen, TX 78551-2244

Mr. Kent M. Rider
Attorney at Law
P. O. Box 17428
Austin, TX 78760

Mr. Mark E. Sossi
Attorney at Law
Three North Park Plaza
Brownsville, Texas 78521

on this the  31st  day of December, 2005.

 /S/ Allan Hoffmann
Allan Hoffmann
Assistant U.S. Attorney

5