UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
JAN 05 2006  1:18p
Michael N. Milby, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| PLAINTIFF, § | |
| § | |
| VS. § | CIVIL NO. B-04-152 |
| § | |
| ONE PIECE OF REAL PROPERTY § | |
| LOCATED IN CAMERON COUNTY, § | |
| TEXAS, DEFENDANT, § | |

**CLAIMANTS UNOPPOSED MOTION FOR 30 DAY CONTINUANCE
OF FINAL PRETRIAL CONFERENCE AND UNOPPOSED
MOTION FOR LEAVE TO FILE SAME**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Claimants Javier and Marianna Barron and files this, their Unopposed Motion For Leave and Unopposed Motion To Continue The Pretrial Conference in this case.

1) Claimants' Javier and Marianna Barron respectfully request leave of Court to file this Unopposed Motion for Leave and Unopposed Motion to Continue the Pretrial Conference of this case 30 days for the reasons set forth in this Motion.

2) Claimant's Counsel has discussed this proposal with the United States Attorney who is unopposed to this request.

3) The Claimants' and the United States had, early in this case, reached a tentative agreement in principle to partition this property wherein the Claimants would retain a certain portion of the property and the Government of the United States

would take the other portion and the Claimants would pay the Van Bebbers' the full money owed them. The reason that agreement was not able to be effectuated was not because of any failure by the Claimants' or for that matter the Government of the United States.

4) In 1991 the Cameron County Appraisal District removed the agricultural exemption from the property resulting in back taxes of Fifteen Thousand Dollars and 00/100 ($15,000.00) presently being owed on the property. In inquiring about the taxes with Cameron County, Counsel was informed that the property could not be partitioned until the taxes were paid in full.

5) Claimant's Counsel was then advised that Cameron County considered the taxes owed to be based on the appraisal from the Appraisal District and that if the Appraisal District were to restore the agricultural exemption because there was no change in use in the property; they would have no problem either. The Appraisal District removed the agricultural exemption because according to their administrative rules, there was a change in ownership when Bulmaro Barron was dropped off the deed. However, Claimants' position was that they had always been the deeded owners and that the agricultural exemption had been wrongfully removed. A true and correct copy of the Deed is attached as "Exhibit A".

6) Counsel has received the agreement of the Cameron County Appraisal District to consider the application for the agricultural exemption for the year 2006. However, CCAD will not grant the exemption retroactively because of state administrative rules which they state they must follow.

7) Claimants, having failed to obtain retroactive restoration of the agricultural exemption (which would have made the partition proposal possible), are now in agreement with the suggestion the property be sold and the proceeds of the property divided between the Government of the United States and the Claimants' after the Van Bebbers' and taxing authorities interest of the property being satisfied.

8) Counsel respectfully requests this Honorable Court leave for a thirty day to complete a settlement agreement and the necessary real estate documents necessary to effectuate the implementation of that agreement. Counsel anticipates being able to file settlement documents with the Court within 30 days.

9) This continuance is not sought for delay but rather so that justice may be done.

Respectfully Submitted,

LAW OFFICE OF MARK E. SOSSI
Three North Park Plaza
Brownsville, Texas 78521
Telephone: (956) 554-7877
Facsimile: (956) 554-7879

By: _____
Mark E. Sossi
State Bar No. 18855680

**ATTORNEY FOR CLAIMANTS
JAVIER AND MARIANNA BARRON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded via regular mail and/or via facsimile on the 5TH day of January 2006, has been forwarded to:

Allan Hoffmann
Assistant U.S. Attorney
U.S. Attorney Office
1701 W. Highway 83, Suite 600
McAllen, Texas 78501
Facsimile: (956) 618-8016

Kent M. Rider
Claimant Taxing Entities
P.O. Box 17428
Austin, Texas 78760
Facsimile: (512) 443-3494

Gene McCullough
Claimant Nita Van Bebber
323 E. Jackson Street
Harlingen, Texas 78551
Facsimile: (956) 423-4976

_____
Mark E. Sossi

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with the Assistant U.S. Attorney Allan Hoffmann and have stated that he is unopposed to this said motion.

_____
Mark E. Sossi