District Court
ct of Texas
ENTERED
APR 0 5 2006
Michael N. Milby, Clerk of Court

United States District Court
Southern District of Texas
FILED
APR 0 5 2006
11:40A
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ONE PIECE OF REAL PROPERTY<br>LOCATED IN CAMERON COUNTY,<br>TEXAS,<br>Defendant. | §<br>§<br>§<br>§   CIVIL ACTION NO. B-04-152<br>§<br>§<br>§<br>§<br>§ |

## ORDER

BE IT REMEMBERED, that on April 5, 2006, the Court considered the United States' motion to strike the Barrons' answer filed in Plaintiff's Memorandum of Law in Support of Its Motion Judgment as to Javier Barron and Marianna Barron [Dkt. No. 34].

### Standing in Civil Forfeiture Action

The Court considers Claimants Mariana and Javier Barron's standing to proceed with their claim against the property subject to forfeiture. Inquiry into the standing of a party to pursue a claim is "literally a threshold question for entry into federal court." *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1111 (5th Cir. 1992). Even if the parties do not raise the issue, the court must consider the standing of the parties. *United States v. $9,041,598.68 (Nine Million Forty-One Thousand, Five Hundred Ninety-Eight Dollars and Sixty-Eight Cents)*, 976 F. Supp. 642, 649-50 (S.D. Tex. 1997). The issue of standing is one of law. *Id.*

In a forfeiture case, there are two forms of standing for the court to examine: Article III standing and statutory standing. *United States v. Five Hundred Eleven Thousand Seven Hundred Eighty Dollars ($511,780)*, 847 F. Supp. 908, 913 (M.D. Ala. 1994). Article III standing requires a sufficient interest in the property. *Id.* Statutory standing in a civil judicial forfeiture requires compliance with Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. *Id.* A party who fails to comply with the requirements of

Rule C(6) lacks standing to assert any claim in the forfeiture proceedings. *Id.* A court may consider the claimant's standing at any point in the proceedings. *United States v. $9,041,598.68*, 976 F. Supp. 642, 644 (S.D. Tex. 1997)(holding that the claimant lacked standing post-verdict). The court need not reach the merits of the case if the claimant fails to establish standing. *Id.*

### The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA")

The revisions to the civil asset forfeiture laws codified in CAFRA apply to all civil forfeiture proceedings commenced on or after August 23, 2000 unless excepted by 18 U.S.C. § 983(i)(2). Stefan D. Cassella, *The Civil Asset Forfeiture Reform Act of 2000: Expanded Government Forfeiture Authority and Strict Deadlines Imposed on All Parties*, 27 J. Legis. 97 (2001). All civil forfeitures of real property and interests in real property shall proceed as judicial forfeitures. 18 U.S.C. § 985. In a civil judicial forfeiture, "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims." 18 U.S.C. § 983(4)(A). Procedure pertaining to civil forfeiture actions is governed by Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims to the Federal Rules of Civil Procedure because these actions are analogous to maritime actions *in rem.* 28 U.S.C. Supplemental Rule C ("Rule C(6)"). *See United States v. One Parcel of Real Property Located at Route 2, Box 293, Lena, Mississippi*, 46 F. Supp. 2d 572, 575 (S.D. Miss. 1998).

### Procedural Background

On August 30, 2004, the United States ("government") commenced this civil forfeiture action by filing a complaint [Dkt. No. 1]. According to the United States, the defendant property with an approximate value of $83,000.00 is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it was derived from the proceeds of an illegal controlled substance exchange –that is, a drug trafficking offense. The government alleges the defendant property was purchased to conceal the nature or ownership of the illegal proceeds. *See* 18 U. S. C. § 981(a)(1)(A). Finally, the government alleges the

property was used or intended to be used to facilitate a drug trafficking offense, which makes the property subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(6) & (7). The Supplemental Rules apply to forfeiture under sections 881 and 981. *See generally United States v. Forfeiture, Stop Six Center*, 794 F. Supp. 626, 632 (N.D. Tex. 1992); *United States v. Real Property Located at 165 Adelle Street, Jackson, Mississippi*, 850 F. Supp. 534, 536 (S.D. Miss. 1994); *United States v. One Parcel of Real Property Located at Route 2, Box 293, Lena, Mississippi*, 46 F. Supp. 2d 572, 575 (S.D. Miss. 1998); *United States v. One 2002 Harley Davidson FXDX Super Glide Sport Motorcycle*, 2004 WL 377552 (W.D. Tex.).

The taxing entities, including Cameron County, the Cameron County Drainage District No. 1, the South Texas Independent School District, the City of Brownsville, the Brownsville Navigation District, and the Texas Southmost College District, filed an answer and a verified claim [Dkt. No. 5,6]. The lienholder, Neta Van Bebber, filed an answer and verified claim [Dkt. No. 13]. These parties reached agreements with the government at the final pretrial conference [Dkt. No. 47, 48]. Javier and Marianna Barron filed an answer, but they failed to file a properly verified claim [Dkt. No. 9]. At this time, the Court examines the effect of this failure on their claim.

### Supplemental Rules for Certain Admiralty & Maritime Claims

Under Rule C(6)(a)(i) of the Supplemental Rules for Certain Admiralty & Maritime Claims, a potential claimant who has been served with a copy of the complaint must file a verified statement identifying the interest or right within 30 days after the date of service of the complaint or within the time that the court allows. Additionally, the individual must file an answer within 20 days after filing the statement. Rule C(6)(a)(iii). The Fifth Circuit requires strict compliance with the requirements of Rule C(6). *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1115 (5th Cir. 1992); *United States v. Real Property Located at 14301 Gateway Boulevard West El Paso County, Texas*, 123 F.3d 312, 313 (5th Cir. 1997); *United States v. One Parcel of Real Property Located at Route 2, Box 293, Lena, Mississippi*, 46 F. Supp. 2d 572, 581 (S.D. Miss. 1998); *United States v. One 2002 Harley Davidson FXDX Super Glide Sport Motorcycle*, 2004 WL 377552 (W.D. Tex.).

The document entitled "Javier Barron and Marianna Barron Original Answer and Crossclaim" includes a response to the complaint filed by the government specifically admitting or denying the allegations by paragraph and several affirmative defenses. However, it does not include a verified claim or any statement of ownership or affidavit by the Barrons. Claimants are required under Rule C(6) to file a verified statement and an answer, although these may be included in one document. See Dkt. No. 13.

Previously, the Court addressed this issue briefly in the order denying the Barrons' Motion to Dismiss [Dkt. No. 8] stating that verified claims "were filed by Brownsville Independent School District, Neta Van Bebber, and Javier and Marianna Barron" without further analysis [Dkt. No. 24]. Indeed, the Brownsville Independent School District and Neta Van Bebber did submit verified claims along with their answers, but the Court improvidently included the Barrons in this group. The government did not specifically raise this issue in the Motion for Judgment [Dkt. No. 32]. However, Plaintiff's Memorandum of Law in Support of Its Motion Judgment as to Javier Barron and Marianna Barron identifies the defect and moves the Court to strike the Barrons' answer [Dkt. No. 34]. The government argues in the memorandum that the Barrons' lack standing to pursue this matter as a result of the lack of a verified claim. The Court construes this argument as a motion to strike the Barrons' answer.

At the final pretrial conference, the Court denied the government's Motion for Judgment and granted the Barrons' Motion for Leave to File Contributions to the Joint Pretrial Order, but the Court did not rule on the issue of the verified claim or the Barrons' standing. After careful review of the answers and verified statements submitted by all the claimants in this forfeiture action, the Court reviews the Barrons' standing to proceed with their claim against the property subject to forfeiture.

The Barrons never filed a verified claim. They never sought leave to file an untimely claim. The answer submitted by the Barrons includes no verified or sworn statement. In addition, the only affidavits from the Barrons received by the Court during the course of these proceedings were attached to the government's Motion for Judgment [Dkt. No. 32, Ex. 1,2]. In her affidavit [Dkt. No. 32, Ex. 1], Marina Barron states that she "never had responsibilities in regards to the ranch nor did [she] have a vested interest in the property."

She concluded with the statement that her brother, Bulmaro Barron "always had total control of the property." Javier Barron repeated these statements in his own affidavit [Dkt. No. 32, Ex. 2]. Both of the Barrons stated that following the transfer they have not been to the property. In the absence of a verified claim, the Barrons lack statutory standing to proceed in this action. Additionally, the affidavits provided by the government raise questions about the Barrons' Article III standing, or interest in the property, as well. Due to the Barrons' failure to comply with Rule C(6) and resulting lack of standing, the Court **STRIKES** the Barrons' answer [Dkt. No. 9] and **DISMISSES** the Barrons from this civil forfeiture action.

## Conclusion

The Court **STRIKES** the Barrons' answer [Dkt. No. 9] and **DISMISSES** the Barrons from this civil forfeiture action.

This case will not proceed to trial on April 10th as scheduled. Therefore, the Court **ORDERS** the government and the remaining claimants to submit any further motions in this action by April 17, 2006.

DONE at Brownsville, Texas, this 5 day of April, 2006.

Hilda G. Tagle
United States District Judge

5