UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. | * * * * |
| ONE PIECE OF REAL PROPERTY LOCATED IN CAMERON COUNTY, TEXAS,   Defendant. | * * * * |

CIVIL NO. B-04-152

### MOTION FOR AGREED JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiff United States of America, sometimes hereinafter referred to as "Plaintiff," by and through its United States Attorney for the Southern District of Texas and its Assistant United States Attorney assigned to this matter, Claimant Neta Van Bebber, Claimants Brownsville Independent School District, Cameron County, Txeas, Cameron County Drainage District No. 1, South Texas Independent School District, the City of Brownsville, Brownsville Navigation District, and Texas Southmost College District, sometimes hereinafter referred to as "Claimant Taxing Entities," by through their attorneys of record, and would respectfully show the Court the following:

I.

On August 30, 2004, Plaintiff filed a verified Complaint for Forfeiture against that parcel of land, together with its buildings, improvements, fixtures, attachments, and accretions described as Lot Twelve 5, Block 205, containing 23.29 acres, more or less, El Jardin Resubdivision, Espiritu Santo Grant in Cameron County, Texas, according to the Map of said Subdivision recorded in Volume 4, page 48 Map Records of Cameron County, Texas, hereinafter referred to as "the Defendant Property," in the above-styled and numbered case. That Complaint, which is incorporated herein by

reference as if set out at length pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, sets out probable cause to believe that the Defendant Property is subject to forfeiture for violation of the laws of the United States pursuant to 21 U.S.C. § 881(a)(7).

II.

The Defendant Property was brought into the Court's jurisdiction by the posting of Notice of Forfeiture Action on that property on September 23, 2004, advising all persons to appear and make any Claim they have to the Defendant Property and to make any Answer they have to the Complaint for Forfeiture. Service was effected on all potential claimants by publication of the Monition/Notice of Forfeiture Action in the Brownsville Herald, a newspaper of general circulation in the Brownsville Division of the Southern District of Texas, on September 8, 16 & 23, 2004. Personal service was had on potential Claimant Neta Van Bebber on October 4, 2004. Service was effected on potential Claimants Javier Barron and Marina Barron via personal service on Gilbert Rubalcaba, the husband of Marina Barron and brother-in-law of Javier Barron on November 9, 2004. Notice of this forfeiture action was provided to Claimant Taxing Entities by mailing their attorney a copy of the Complaint for Forfeiture by Certified Mail, Return Receipt Requested, on September 1, 2004.

III.

On September 27, 2004, Claimant Taxing Entities filed a Claim to the Defendant Property and an Answer to Plaintiff's Complaint for Forfeiture. On September 28, 2994, Javier Barron and Marianna Barron filed an Answer to Plaintiff's Complaint for Forfeiture. On October 25, 2004, Neta Van Bebber filed a Claim to the Defendant Property an an Answer to Plaintiff's Complaint for Forfeiture. Other than Claimant Taxing Entities, Javier Barron, Marianna

2

Barron, and Neta Van Bebber, no person or entity filed a Claim, an Answer, or otherwise appeared to contest Plaintiff's forfeiture action. The time for filing a Claim and Answer having long passed, all persons and entities other than Claimant Taxing Entities, Javier Barron, Marianna Barron, and Neta Van Bebber are in default. On April 5, 2006, the Answer of Javier Barron and Marianna Barron was striken and they were dismissed from this case.

IV.

Plaintiff, Claimant Taxing Entities, and Claimant Neta Van Bebber would respectfully show the Court that they have reached an agreed resolution of their respective claims to the Defendant Property according to the following terms:

    A.    That Judgment be entered for Plaintiff and that the Defendant Property be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7) and the prayer of the Complaint;

    B.    That the United States process and sell the Defendant Property with all deliberate speed and disburse the proceeds from the sale of the Defendant Property in the following order of priority:

        1.    to the costs of seizure, custodianship, and sale of the Defendant Property;

        2.    $9,715.94 to Claimant Cameron County, Texas, on behalf of itself and on behalf of Cameron County Drainage District No. 1, South Texas Independent School District, the City of Brownsville, Brownsville Navigation District, and Texas Southmost College District;

        3.    $10,779.98 to Claimant Brownsville Independent School District;

       4.    $12,174.87 plus $1.85 for each day from April 17, 2006, to the day Claimant Neta Van Bebber is paid pursuant to this agreement to Claimant Neta Van Bebber;

       5.    the remainder to the Treasury Forfeiture Fund;

C.    That, except as set out above, that Plaintiff United States of America, Claimant Taxing Entities, and Claimant Neta Van Bebber pay their own costs, attorney's fees, and all other expenses of whatever kind arising out of or resulting from the seizure of the Defendant Property or from the institution, prosecution, or resolution of this case;

D.    That as to Plaintiff, Claimant Taxing Entities, and Claimant Neta Van Bebber, that the Judgment herein prayed for superceed and replace the Interlocutory Judgment as to Claimant Taxing Entities, document number 48 in the file of this case, and superceed and replace the Interlocutory Agreed Order and Stipulation of Facts, document 47 in the file of this case.

### V.

Claimant Taxing Entities and Claimant Neta Van Bebber acknowledge that the seizure and the forfeiture of the Defendant Property are supported by probable cause and the laws and the Constitution of the United States. Claimant Taxing Entities and Claimant Neta Van Bebber accept the agreed resolution set out above as the full and final resolution of this case and of any and all civil actions, claims, and/or causes of action of any nature whatsoever arising out of or resulting from the seizure of the Defendant Property of the institution, prosecution, or resolution of this forfeiture action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff and Claimants Taxing Entities and Claimant Neta Van Bebber pray that their agreement for the resolution of this case set out above be incorporated into the Court's Judgment.

Respectfully submitted,

DONALD J. DeGABRIELLE, JR.
UNITED STATES ATTORNEY

_____
Allan Hoffmann
Assistant U. S. Attorney
Texas Bar No. 09778700
Southern District Bar No. 6042
1701 West Highway 83, Suite 600
McAllen, Texas 78501
Telephone: (956)630-3173 ex 236

Attorney for Plaintiff
United States of America

NETA VAN BEBBER

_____
Arthur "Gene" McCullogh
Attorney at Law
Texas Bar No. 00734267
Southern District Bar No. 19292
P. O. Box 2244
Harlingen, TX 78551-2244
Voice: (956)423-1234

Attorney for Claimant
Neta Van Bebber


CAMERON COUNTY, TEXAS
CAMERON COUNTY DRAINAGE DIST. NO. 1
SOUTH TEXAS INDEPENDENT SCHOOL DIST.
THE CITY OF BROWNSVILLE
BROWNSVILLE NAVIGATION DISTRICT
TEXAS SOUTHMOST COLLEGE DISTRICT
BROWNSVILLE INDEPENDENT SCHOOL DIST.

_____
Kent M. Rider
Attorney at Law
P. O. Box 17428
Austin, TX 78760
Texas Bar No. 16896000
Southern District Bar No. 13883
Telephone: (512)447-6675

Attorney for Claimant Taxing Entities

## VERIFICATION

I, Allan Hoffmann, Assistant United States Attorney, declare under penalty of perjury that I am the attorney for Plaintiff in this case, that I have read the foregoing Motion for Agreed Judgment and, upon information and belief, affirm that all the statements contained therein are true.

Allan Hoffmann
Assistant U. S. Attorney